THE PEOPLE ex rel. ELIZABETH S. LOOMIS, Appellants, *v.* THE BOARD OF TOWN AUDITORS OF THE TOWN OF LITTLE VALLEY, Respondent.

The provision of the Revised Statutes (1 R. S., 357, § 8) declaring that judgments "against town officers, in actions prosecuted by or against them in their name of office, shall be a town charge," includes merely cases against a town officer where an act complained of was done by him in his official capacity; it does not include a case where an officer is sued and judgment obtained against him for damages resulting from a neglect of duty on his part.

Accordingly *held,* that a judgment against a commissioner of highways, for damages resulting from a neglect of his duty to repair a highway, was not a town charge; and that a mandamus could not be granted to compel the board of town auditors to audit it as such

A town in its corporate capacity has no control over, and is under no obligation to keep highways in repair; and no recovery can be had against it for injuries sustained by reason of neglect on the part of its officers to keep them in a safe and secure condition.

*It seems,* that commissioners of highways are liable individually for an injury resulting from their neglect to repair a highway, if they have funds in their hands for that purpose; but such a commissioner cannot bind the town for his misconduct or neglect.

(Argued November 18, 1878; decided November 26, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order

of Special Term quashing and setting aside a writ of alternative mandamus issued herein.

The writ set forth the recovery of a judgment by the relator against Morris Woodruff as sole commissioner of highways of said town of Little Valley, and the return of an execution thereon unsatisfied, a presentation of a claim for said judgment to the board of town auditors with a request that it be audited and allowed as a town charge, and a refusal of the board to audit and allow the same. It appeared that the judgment was recovered for injuries sustained by plaintiff through the alleged neglect of said commissioner to keep a bridge forming part of a highway in said town in repair, although having funds in his hands for that purpose.

*Cary & Jewell,* for appellant. The judgment against Woodruff was a town charge. (R. S., part 1, chap. 2, title 5, § 8; R. S., part 3, chap. 8, title 4, art. 4, § 108.) Being a town charge it was the duty of defendant to audit and allow it. (Laws 1840, chap. 305; 3 Stat. at Large [Edms. ed.], 302.) Upon defendant's refusal to discharge its duty the relator was entitled to enforce its performance by mandamus. (*People* v. *Suprs. of Columbia,* 10 Wend., 363; *Cornell* v. *Guilford,* 1 Den., 510; *Bell* v. *Esopus,* 49 Barb., 506; *People* v. *Westford,* 53 id., 555; *People* v. *Hempstead,* 4 Hun, 94; *Brady* v. *Suprs.,* 6 Seld., 260; 1 R. S. [Edms. ed.], 313, § 3; 2 id., 497, § 108; *Hover* v. *Barkoof,* 44 N. Y., 113.)

*W. Woodbury,* for respondent. The commissioners liability was personal and not in a representative capacity. (*Lamont* v. *Haight,* 44 How., 1; 44 N Y., 113; 34 id., 389, 390; 37 id., 648; 46 id., 194; 54 id., 528; 3 Hand, 47; 4 Hill, 630; 47 Barb., 38; 13 Hun, 427.) If the town were liable the suit should have been direct against the town and process served on the supervisor. (1 R. S., 329, §§ 1, 2, 3.) No action will lie against a town for neglect to repair a bridge. (8 Barb., 645; 6 Hill, 463; 1 id., 545; 11 N. Y.,

392; 1 Den., 510.) Corporations are not liable for unauthorized acts of their agents. (A. & A. on Corp., 250, 330; 2 Barb., 104; 3 Seld., 364; 7 Wend., 446; 1 Smith, 445; 15 N. Y., 445, 468.) Defendant could not audit the judgment as a town charge. (2 N. Y. Stat., 495, 497, §§ 92, 95, 96, 108; 1 id., 328; id., 331, § 2; 66 Barb., 103.) Plaintiff was bound to allege in the complaint sufficient to make a cause of action against defendant individually for negligence. (15 East, 384; *Nicholson* v. *Mounsey*, 17 Wend., 250.)

Miller, J. The application of the relator for a mandamus rests entirely upon the ground that the judgment was recovered against Woodruff, as a commissioner of highways of the town of Little Valley, and that it was the duty of the town auditors to audit and allow the same. In support of this position, the relator's counsel relies upon section 8, 1 R. S., 357 and 358, which relates to suits and proceedings against towns and town officers, and makes provision that "judgments recovered against a town or against town officers in actions prosecuted by or against them in their name of office shall be a town charge."

We think that this enactment has no application to the action brought against Woodruff, and the intention of the statute was to embrace cases where the act complained of against a town officer was done while acting in an official capacity, and not otherwise. The action was not for any act done by the defendant in his name of office or by virtue thereof, but for a neglect of duty in repairing the highway, which neglect was the cause of the injury complained of. Although Woodruff is named as commissioner of highways of the town of Little Valley in the complaint, and is alleged to have been such commissioner, yet no claim is made against him as such commissioner, and this allegation is inserted by way of description, and as a basis of subsequent statements, for the purpose of showing that Woodruff was bound to repair the highway; that he owed a duty to the plaintiff which he had failed to perform, and that by his negligence

and misconduct he caused the injury for which the plaintiff claimed damages. These averments were made in order to establish a cause of action and fix a liability against the defendant individually and not as commissioner of highways. But they present no case within the meaning of the statute which was intended to embrace actions prosecuted by and against the officers named therein, in their official capacity, and in connection with the discharge of their public duties.

The relator, not being within the statute, clearly had no claim for the relief demanded. Aside, however, from this view of the subject, there are other difficulties in the way of the relator which, we think, cannot be overcome. The town, in its corporate capacity, has no control over highways, and is under no legal obligation to keep highways and bridges in repair ; and hence no recovery can be had against the town for injuries received, by reason of the negligence of its officers in failing to keep them in a safe and secure condition. (*Morey* v. *The Town of Newfane*, 8 Barb., 645; *Martin* v. *Mayor of Brooklyn*, 1 Hill, 545; *Barker* v. *Loomis*, 6 id., 463.) Commissioners of highways receive and disburse all moneys raised for highway purposes, and lay out, discontinue, and control the same. They are also liable individually, in any civil action for any wrong they may commit, or any injury resulting from their own neglect to repair a highway, if they have funds provided for such a purpose, to any person who has sustained damages. (*Hover* v. *Barkhoof*, 44 N. Y., 113.) A commissioner may also bring a suit, in his own name officially, for penalties or liabilities incurred, under the provisions of the highway act. But he cannot bind the town for any misfeasance or nonfeasance. He is not its agent, so as to render the town liable for his misconduct or neglect, in any sense ; and no such relationship exists between the town and this officer as to charge the former with his delinquencies. If a party, who has recovered a judgment against a commissioner of highways for a neglect of duty, could compel the board of town auditors to audit and allow such judgment, as a valid claim against the town, the

well-established rule, to which we have referred, as to the liability of towns for injuries, would be of no avail. Such a proceeding would accomplish indirectly what could not be done directly, and create a liability which the law does not sanction. The statute relied upon was clearly not designed to overthrow a well-settled rule of law, and thus impose additional obligations upon towns. In *The People ex rel. Van Keuren* v. *The Town Auditors of Esopus*,* recently decided by this court, where it was held that a mandamus would not lie against the board of town auditors to pay the costs and expenses of a suit defended by the authority of the commissioner of highways, in the opinion delivered by ANDREWS, J., the principles applicable to the liability of towns for the neglect of its officers are considered, and the cases cited. This case so fully covers most of the questions now presented that further discussion is not required.

The order of the General Term was right and should be affirmed.

All concur.

Order affirmed.