JOEL J. ALBRO, as COMMISSIONER OF HIGHWAYS, ETC., APPEL-
LANT, v. JOSEPH H. ROOD AND OTHERS, RESPONDENTS.

*Commissioner of highways — when he should be nonsuited for failing to prove his
official character — right of, to bring an action to set aside a fraudulent conveyance
made by one against whom he has recovered a judgment.*

The plaintiff, as a commissioner of highways, having recovered a judgment
against one Rood for obstructing the highway, brought this action to set aside
certain conveyances of real estate made by Rood, on the ground that they
were fraudulent and void as against his creditors. The defendant set up in
his answer that the plaintiff in his individual capacity had no standing in
court, and that as a commissioner of highways he was not authorized by law
or by vote to bring the action.

Upon the trial the plaintiff was nonsuited because he had failed to allege or
prove that at the time of commencing the action or at that of the trial he was
a commissioner of highways.

*Held*, no error.

*Quære*, as to whether he had in any event authority to maintain such an action,
and whether it should not have been brought by and in the name of the town.

APPEAL from a judgment in favor of the defendants, entered
upon an order dismissing the complaint, made at the Circuit.

*Waters & Knox*, for the appellant. The cause of action which
was stated in the complaint was one in favor of the plaintiff in his
official character only. 1. He is the judgment creditor in that
capacity only. 2. That action was founded upon a penalty. (1 R.
S., 526, §§ 131, 132; id., 521, § 102; *People* v. *Supervisors, etc.*,
32 N. Y., 477; 5 Hill, 215, 217; 2 R. S., 473, § 92.) This judg-
ment is a contract which plaintiff could enforce against Joseph
Rood. (1 Parsons on Contracts [3d ed.], 7; *Mahoney* v. *Perman*,
4 Duer, 606; *Barnes* v. *Smith*, 16 Abb., 420.) The cause of action
was not the property of the town, but solely the property of the
officer. (*The People* v. *Town Auditors*, 75 N. Y., 316; *The Town
of Gallatin* v. *Loucks*, 21 Barb., 579; *Morey* v. *Town of Newfane*,
8 Barb., 645.) The plaintiff was a *quasi* corporation, and for the
purposes of this suit a corporation, and it was unnecessary to allege or
prove his official character. (Laws of 1864, chap. 422; 3 Kern., 309;
2 Kent [4th ed.], 274, 278, 279, m. p.; 1 Cow., 260; 18 Johns.,

418; 8 id., 425; 13 Mass., 192–3; 5 Cow., 309, 311, 313; 2 Wend., 134.) But the point was waived. There was no demurrer to the complaint in this action, and the objection that the plaintiff was not the commissioner of highways was not taken by answer, and, therefore, by the express statute the objection that the plaintiff had not capacity to sue "is deemed to be waived." (Civil Code, §§ 488, 498, 499; *White* v. *Low,* 7 Barb., 204; *Viburt* v. *Frost,* 3 Abb., 120; *Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y., 648; Moak's Van Santvoord's Pl., 743; *The Phœnix Bank* v. *Donnell,* 40 N. Y., 410.)

*Bouton & Champlin,* for the respondents. That the defendants were entitled to a dismissal of the complaint seems to be conclusively established by the following authorities: *Gallup* v. *Bell* (20 Hun, 172), *Gould* v. *Glass* (19 Barb., 184), *Forrest* v. *Mayor, etc., of New York* (13 Abb., 350), 2 Wait's Practice, art. 3, p. 373, *Sheldon, admr., etc.,* v. *Hoy* (11 How., 11), *Fowler* v. *Westervelt* (4 Barb., 374), *Plumtrees* v. *Dratt* (41 id., 333), *Bonesteel* v. *Gasringhouse* (60 id., 338), *The People* v. *Nostrand* (46 N. Y., 375), *The People* v. *Hopson* (1 Denio, 374), *White* v. *Miles & Joy* (11 How., 36, 46).

LEARNED, P. J.:

Joel J. Albro, as commissioner of highways, recovered a judgment in April, 1879, against Joseph Rood, in the Supreme Court, amounting to $143.48 damages and costs, for a penalty for his obstructing a highway. Afterwards the plaintiff brought this action to set aside a deed executed by Joseph Rood to Dennis Phillips, in October, 1861, and certain subsequent conveyances, as fraudulent as against creditors. The plaintiff was nonsuited on the ground that it was not alleged in the complaint, nor proved on the trial, that at the time of commencing the action or at the time of trial Albro was a commissioner of highways.

As no case is made showing the evidence, we must assume that no such proof was given. The plaintiff insists that any such defense was waived.

The answers set up that the plaintiff in his individual capacity had no standing in court; that as commissioner of highways he was

not authorized by law or vote to bring the action. When the cause was brought to trial the defendants distinctly urged, among other points, that the complaint did not allege that plaintiff was such commissioner, and at the close of the trial.

We think the learned justice held correctly in nonsuiting the plaintiff. Perhaps if there had been proof to justify it, an amendment of the complaint might have been had. But there was no proof, as we must assume, that Albro was a commissioner at the time of the commencement of this action or of its trial. The cases cited by the learned justice, especially *Gould* v. *Glass* (19 Barb., 179); *Bonesteel* v. *Garlinghouse* (60 id., 338); *Plumtree* v. *Dratt* (41 id., 333), sustain his position.

This was not an objection as to mere " capacity to sue," as claimed by the plaintiff. It involved the question who was the plaintiff, the private person Albro, or the official commissioner of highways? The cases cited by the plaintiff of actions brought in the corporate name of some corporation do not apply. (*Phœnix Bank* v. *Donnell*, 40 N. Y., 410.) There can be no question then that it is the corporation which is the plaintiff.

Nor can it be said, as claimed by the plaintiff, that the cause of action was the property of the plaintiff in his private capacity. Although commissioners of highways are personally liable for damages arising from their neglect, yet that principle does not show that penalties recovered in their name belong to them. (*People ex rel. Loomis* v. *Town Auditors*, 75 N. Y., 316.)

A more important question is, whether the plaintiff can in any event maintain this action. The power to commissioners of highways to sue is to be found in 2 R. S., m. p. 473, § (92). This gives a right to sue for penalties and " upon any contract lawfully made with them or their predecessors in their official character." The penalties are to be applied to improving roads and bridges. (1 R. S., m. p. 526, § [131].) They therefore, when collected, are part of the funds of the town in the commissioner's hands. (1 R. S., m. p. 502, § 3.) Certainly the town is the person beneficially interested, as the money received for penalties directly affects the amount to be raised.

The town can bring an action at law or in equity where a cause of action exists. (1 R. S., m. p. 356, § 1.) And in all such suits,

except where *town* officers are authorized to sue in their name of office, the town is to sue by its name.   (§ 2.)

Now the argument of the plaintiff seems to be that the section (92) above cited authorizes the commissioners to sue " upon any contract lawfully made," and that a judgment is a contract.   But the answer to that is that the defendants in this case, who claim the title to the land, the alleged fraudulent grantees, Dennis Phillips and Dearborn Rood, have made no contract with the plaintiff. The action to set aside their fraudulent deeds is not an action on contract.   It is based on fraud.   Even admitting, therefore, that a judgment might be included in the words " any contract lawfully *made*," which is not quite certain.; still this action is brought to set aside fraudulent conveyances, and is not an action upon a contract, certainly not against the alleged fraudulent grantees.

And it would certainly be very doubtful whether the legislature could have intended to authorize an officer of such limited power to involve the town in actions of this character, often long and expensive.   No precedent is cited.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.