ARAD FRASIER, APPELLANT, *v.* THE TOWN OF TOMPKINS, IMPLEADED WITH THE TOWN OF WALTON, RESPONDENT.

*Statute — when it will not be construed to operate retrospectively — chap.* 700 *of* 1881, *making towns liable for defective highways has no retroactive effect.*

Chapter 700 of 1881, providing that the several towns in this State shall be liable to any person suffering damages by reason of defective highways or bridges, in cases in which the commissioners of highways were then liable therefor, instead of such commissioners, did not render the towns liable for damages theretofore occasioned by such defects in the highways or bridges, but only created and imposed such obligation upon them for damages to be sustained after its passage.

APPEAL from an interlocutory judgment, entered upon an order sustaining a demurrer interposed by the town of Tompkins, upon the ground that the complaint did not state a cause of action against it.

*E. D. Cummings*, for the appellant.

*Arthur E. More*, for the respondent.

BOARDMAN, J.:

The plaintiff's wife was injured through defects in a bridge over the Delaware river on the line between the towns of Tompkins and

Walton, which it was the duty of the commissioners of these towns at the time of the accident (September 25, 1879) to keep in repair. This action was brought September 25, 1882, just three years after the injury. The complaint alleges facts sufficient to sustain an action against the commissioners in office at the time of the injury, individually, by reason of their neglect to repair the bridge, while having funds in their hands and having notice of the defect. But the towns, defendants, could not be and were not made liable by reason of the neglect of the commissioners. (*People ex rel. Loomis* v. *Board of Auditors*, 75 N. Y., 316, 319.) To the complaint the towns of Tompkins interposed a demurrer upon the ground that no cause of action was alleged thereby against the defendants. Can the action against the defendants be sustained under chapter 700 of the Laws of 1881?

By that act (sec. 1), "the several towns in this State shall be liable to any person suffering" damages by reason of defective bridges "in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such" commissioners.

Section 2 provides that any judgment recovered under the law shall be a town charge to be audited and paid by the town. Section 3 permits the town to recover the amount of such judgment of the commissioner when the defect and injury were caused by the misconduct or neglect of the commissioner.

By section 4 the board of town auditiors has power to audit and pay "any judgment already recovered and not paid, and any judgment which may be hereafter recovered against any commissioner * * * of such town, for damages to person * * * arising from defective * * * bridges in such town" whenever such board shall be satisfied that the commissioner acted in good faith and "the defect causing the damage shall not have been caused by the willful misconduct or neglect of the commissioner."

Prior to the passage of this act towns were not liable for injuries arising from defects in highways or bridges. Such liability is purely statutory. (*People* v. *Board of Auditors*, 75 N. Y., 319; Dill. on Mun. Corps., § 785.) The same principle applies to a joint liability for defects in a bridge over a stream between two towns. (*Bryan* v. *Landon*, 3 Hun, 500.)

The defendants are not liable for the cause of action now stated in the complaint unless the law of 1881 is retroactive in its effect. To give it such a construction would violate the general policy of the law. (Potter's Dwar. on Stat., 162, etc., and note 9 foot of 162.) A law will not be so construed as to give it a retroactive effect when it is capable of any other construction. (*N. Y. and O. M. R. R. Co.* v. *Van Horn*, 57 N. Y., 473.) The law by its terms does not purport to be retrospective. It does not take away the rights of action against the commissioners for their negligence. Indeed, by the fourth section it provides for judgments thereafter obtained against the commissioners' without restriction as to the time when brought. It does not repeal any portion of any existing law. By its title it is an act " to provide for the liability of towns," etc., that is, in the definitions of Webster, " to procure beforehand ; to get ready for future use ; to prepare ; to stipulate previously," all looking to a preparation for the future, not a modification of the past. Then the language of section 1 points in the same direction, the towns " shall be liable." The words are not appropriate for the creation of an' existing liability as would be the words " towns are hereby made liable " or " towns are liable " for all damages heretofore incurred or which may hereafter be suffered, etc. The subsequent words " in cases in which the commissioners of said towns are now by law liable " are purely and evidently descriptive and are inserted by way of limitation of liability and not to extend the obligations of towns. The evident object of the statute was to create a new obligation upon towns from the date of its passage, without disturbing existing laws except as adapted to the new rule by section 4. The act is readily and naturally capable of such construction which satisfies its language and is consistent with its purposes. Such construction is equally just if the act were remedial. But the creation of a duty and imposing of an obligation upon towns, never before existing either at law or in equity, cannot easily be looked upon as a remedial act. (*People ex rel. Peake* v. *Board of Supervisors of Columbia*, 43 N. Y., 130, 135.)

The construction given renders it unnecessary to consider the constitutional limitations of the right of the legislature to pass such a law as the present having retrospective effect.

We conclude the judgment sustaining the demurrer of the

defendant to the plaintiff's complaint is free from error and should be affirmed.

Judgment should be affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment affirmed, with costs.