Barker, J.
—After a careful consideration of the evidence produced by the plaintiff before he rested his case, I am of the opinion that it fairly tended to prove that the highway was out of repair and in a dangerous condition at the place where the plaintiff received his injuries, and that the commissioner had information of the fact. The evidence also tended to prove that the commissioner in office when the accident happened, was guilty of neglect of duty in not repairing the roadway at the place where the plaintiff was injured, out of the money in his hands, which might have been properly used for that purpose, or in neglecting, if those funds were insufficient for that purpose, to procure the necessary money in one or the other ways provided by statute.
The defendant’s evidence, it may be admitted for the purpose of this appeal, tended to disprove all the facts necessary for the plaintiff to maintain, to entitle him to a verdict against the town. Therefore, upon the whole evidence a case was made for the consideration of the jury, with proper instructions from the court as to the law of the case.
As we have reached the conclusion that the judgment should be reversed for the reason next to be stated, it is unnecessary to refer to the evidence in detail upon which the plaintiff relies in support of his side of the case. What will constitute a neglect on the part of a highway commissioner, so that a party sustaining an injury to his person or his property while traveling upon the highway, in consequence of such neglect, may maintain an action against the commissioner to recover damages, is so well settled by repeated decisions in ail the courts of the state, that it is. needless to re-state the rule at this time. Hover v. Barkhoof, 44 N. Y., 113; Warren v. Clement, 24 Hun, 472; Bidwell v. Town of Murray, 40 id., 190.
As we read the charge of the learned judge who presided at the trial, he, in substance, instructed the jury that it was the duty of the town, in its corporate capacity, to keep and maintain the highways within the town in a reasonably safe and secure condition, and to provide the funds neces *233 sary for that purpose, not exceeding in amount the sum authorized by law to be raised for that purpose. The defendant took an exception to that part of the charge. Nothing was said to the jury during the trial which fully qualifies these instructions.
The town, in its corporate capacity, has no control over highways, and is under no legal obligation to keep highways and bridges in repair. The commissioners of highways are state officers, chosen by the electors of the town, but they do not act for the town in the discharge of their duties imposed on them by law. The whole subject was up and was fully considered in the case of the People ex rel. Van Keuren v. Town Auditors (74 N. Y., 310), and Mr. Justice Andrews, in his opinion, stated the policy of the state in establishing our highway system and the nature and character of the office of highway commissioner, viz.: “Under our present system, no corporate duty is imposed upon towns in respect to the care, superintendence, or regulation of highways within their limits. Commissioners of highways have, by the statute, the care and superintendence of highways (1 Rev. Stat., 501, § 1), and, in the administration of the highway system, they, and the overseers of the highways in subordination to them, are independent public officers, exercising public powers, and charged with public duties especially prescribed by law.
. They receive and disburse the money raised by taxation, for the maintenance of highways, and apply it in their discretion independently of any control of the town, and are not in any respect, subject to its directions in the discharge of their duties.
They are responsible, in a civil action, for any injury resulting from their neglect to repair the highway (if provided with means for that purpose) whereby an- individual sustains damage.
On the other hand, the town, in its corporate character, has no control over the highways; it cannot lay out a highway nor discontinue one. It is not liable for failure to keep highways in repair. Highways are not the property of the town, and the use is in the public, not for the benefit of the inhabitants of the town alone but of the whole community.” See also People ex rel. Loomis v. The Town of Little Valley, 75 N. Y., 316.
The act of 1881, chapter 700, has not produced any change of the law as laid down in these cases. The provisions of the act are as follows: “The several towns in this state shall be liable to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town, in cases in which the com *234 missioners of highways of said town are now by law liable therefor, instead of such commissioner or commissioners of highways.” In Bidwell v. The Town of Murray (40 Hun, 190), we had occasion to construe the object of the statute and determine to what extent it had changed or modified the law relative to the liability of towns.
We there held, Mr. Justice Bradley preparing the opinion of the court, that “ the towns, as such, are mere civil divisions, except so far as they are vested by statute with corporate powers. They possess no corporate power in respect to the highways, and the highway commissioners are public officers, and as such have the entire care of the construction and repair of the highways, and at common law, the towns are in no manner chargeable with the consequences to individuals of their neglect or misconduct in their management of the highways within the town.”
“ The statute in question does not change the relation of the town to the highways in the town, or to the commissioners, so far as relates to the control and supervision of them and the duty to keep them in repair. That duty is still upon those officers as such, and not as the agents of the town, to which no corporate power is given in that respect, and the liability which the town is by this act required to discharge, is created in respect to matters with which it is charged with no duty, and over which, and the officers whose conduct or neglect furnished the cause of such liability, the town has nó control. While this statute does not vest the towns with any corporate powers over the highways, it does create a primary liability for the negligence of the officers charged with the duty.”
We see no reason for changing our views as there expressed.
The duty of the defendant toward the public in keeping the highways and bridges in repair, was erroneously stated to the jury, and the true ground of the town’s liability to the plaintiff, if liable at all, was not mentioned. The mind of the jury was misdirected, and it is easy to see that the jury may have been misled to the injury of the defendant. It can be of no service to the parties for us at this time to pass upon the other exceptions taken by the defendant during the trial, and we, therefore, pass them without consideration.
Judgment and order reversed, new trial granted, with costs to abide the event.
Smith, P. J., and Bradley, J., concur; Lewis, J., not sitting.