ROSE ACKER, APPELLANT, *v.* THE TOWN OF NEW CASTLE, RESPONDENT.

*Change of the grade of a highway — the commissioners are not required to provide a channel to drain off the surface-water — chapter 700 of 1881 created no new liability against the town.*

Commissioners of highways, in grading the highways, are not bound to provide a channel for the drainage of surface-water, and are not liable for injuries resulting from their omitting so to do.

*Gould* v. *Booth* (66 N. Y., 62) followed.

The inconveniences resulting to abutting owners from the grading of highways are to be regarded as the natural consequence of maintaining highways, and are presumed to have been contemplated and paid for when the land was taken for the purpose of a highway.

In order to sustain an action against a town under chapter 700 of 1881, facts must be alleged sufficient to have constituted a cause of action against the commissioners of highways prior to the enactment of the act.

APPEAL from a judgment entered in Westchester county upon an order made in this action dismissing the complaint.

*John Gibney*, for the appellant.

*Odle Close*, for the respondent.

PRATT, J.:

This action was brought to recover damages sustained by plaintiff by repairing a highway in the defendant town in such manner as to throw surface water upon her lands. In other words, the grade of

the highway was raised in front of plaintiff's premises which dammed up the water and caused it to set back upon plaintiff's land. There is no allegation in the complaint of a defect in the highway, but there is an allegation that the work was done in a negligent and unskillful manner, which caused the injury.

The complaint was dismissed because it did not state facts sufficient to constitute a cause of action. It is necessary first to ascertain what is meant by the allegation of negligence. It is plain in what the injury consisted and how it was caused. It cannot be doubted but that the commissioners had a right to raise the grade of the highway, and the charge is that raising the highway caused the water to flow and inflicted the damage. The negligence, therefore, must necessarily have consisted in failing to provide sewers or culverts under the roadway to carry off the surface water; so that unless the commissioners were bound to provide such culverts no liability would arise. The injury was plainly caused by the nature of the work, and an allegation that it was negligently done adds nothing to the force of the complaint. No act of negligence is described and no inference can be drawn from the complaint except that raising the grade of the highway without providing culverts caused the water to accumulate and flow upon plaintiff's premises. It is the general rule that towns are not charged with keeping highways in repair, nor are the commissioners of highways agents or servants of the town. (*People ex rel. Van Keuren* v. *Town Auditors of Esopus*, 74 N. Y., 310.) But in 1881 the legislature passed an act, section first of which reads as follows: " The several towns in this State shall be liable to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town, in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways." This act created no new liability, it simply provided that the suit might be brought against the town instead of the highway commissioners.

In order to maintain an action against a town under this statute facts must be alleged sufficient to constitute a cause of action against commissioners of highways prior to the enactment of the law of 1881. That this complaint did not set forth facts sufficient to war-

rant a judgment against such commissioners seems clear. The case of *Gould* v. *Booth et al.* (66 N. Y., 62) is decisive upon this point. That case holds that commissioners, in grading highways, are not bound to provide a channel for the drainage of surface water, and are not liable for injuries resulting from their omitting so to do. The inconveniences resulting to abutting owners by grading highways are to be regarded as the natural consequence of maintaining highways, and are presumed to have been contemplated and paid for when the land was taken for the purpose of a highway.

Upon the merits, therefore, the complaint was properly dismissed.

It may also be observed that there appears to be no exceptions taken to the ruling of the judge in dismissing the complaint.

Judgment affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.