### GETTY v. TOWN OF HAMLIN et al.

*(Supreme Court, General Term, Fifth Department. December 30, 1889.)*

1. DEFECTIVE BRIDGES.
    The fact that, before the occurrence of an accident at a defective bridge, the highway commissioners had procured materials for its repair, and did repair it on the following day, warrants the inference that they had funds, or means to procure funds, to repair the bridge.

2. APPEAL—TRANSCRIPT.
    When the record does not show that it contains all the evidence, an exception on
    the ground that the verdict is not sustained by the evidence will not be noticed.

Appeal from circuit court, Monroe county.

Action for injuries caused by a defective bridge, brought by John A. Getty against the towns of Hamlin and Kendall. Verdict and judgment for plaintiff, and defendants appeal. For opinion on former appeal, see 46 Hun, 1.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

C. C. Davy, for appellants. J. D. Decker, for respondent.

MACOMBER, J. This action is brought against the two towns, who were jointly made defendants, to recover damages for injuries received by the plaintiff, by being thrown from his wagon, while driving upon a defective approach to a bridge on the highway running north and south, between the towns of Hamlin and Kendall, known as the "Town-Line Road." This road is crossed by a stream called "Sandy Creek," over which the bridge was erected, forming a part of the public highway. The action is brought to charge the defendants, jointly, with negligence, in failing properly to maintain in suitable order the bridge and its approaches, whereby the same were permitted to become out of repair by the highway commissioners, which resulted in the injuries for which compensation is sought. Upon the former appeal, from a judgment of nonsuit at circuit, (46 Hun, 1,) it was held by this court that the allegations of the complaint that the highway, including the bridge, was at all points upon the line between the towns, and that the bridge had been constructed by the two towns, and maintained by them for a number of years next preceding the beginning of the action up to the time of the injury, were admitted by the answer of both defendants, and that, consequently, the towns could not properly be heard to claim, upon the trial, that there was no legal obligation upon them, or that such obligation rested only upon one of them, by virtue of an arrangement between themselves, by which the bridge and its approaches should be kept in a proper state of repair wholly by the town of Kendall alone. It was there also held, under the pleadings, that it was not competent for the defendants to show that this portion of the highway was wholly in the town of Hamlin. The court there further treated the denial of the allegation of the complaint, that it was the duty of the defendants, jointly, to maintain the bridge, and keep it in repair, at their joint expense, as a mere conclusion of law, and that it did not operate to limit or qualify the admission of the facts alleged in the complaint, and previously admitted in the answer. It followed, therefore, that the liability of the two towns to repair and keep the approach of the bridge in good order necessarily resulted, under the statutes and the decisions of the courts applicable to the subject. 1 Rev. St. p 501, § 1; Laws 1841, c. 225, § 1, as amended by Laws 1857, c. 383, § 1; Lapham v. Rice, 55 N. Y. 472; Day v. Day, 94 N. Y. 153. It was furthermore held in that decision that it conclusively appeared that the defendants had recognized their legal liability, and had acted upon the same, for several years. The allegations of the complaint, under section 522 of the Code of Civil Procedure, not being controverted by the answer, must be taken as true, for the purposes of this action. It was intimated in the previous decision that the defendants might possibly apply to the court for an amendment of the answer so as to raise these questions. We find in the record an order of the special term permitting such amendment, upon terms; but no amendment was in fact made, as is disclosed by the record, in pursuance of such leave. It appears, therefore, that, so far as this court is concerned, the principal and legal question has been adjudicated adversely to the claim made by the defendants. Upon the second trial there remained three questions, which were solely questions of fact, to be determined by the jury, and these were: (1) Whether the approach to the bridge was in a dangerous and un-

safe condition at the time the plaintiff received the injuries; (2) whether the defendants or the commissioners had knowledge or notice that such approach was unsafe and dangerous; and (3) was the plaintiff using ordinary and reasonable care in the management and control of his team while going upon the bridge? All of these questions were fully presented, in an elaborate charge, to the jury, by the learned justice at the trial; and no exception was taken by either side to any portion thereof.

It is claimed by the counsel for the appellants that the verdict is against the weight of evidence. The case does not disclose the fact that all of the evidence is contained in it. The sufficiency of the evidence, therefore, to support the verdict, cannot successfully be called in question upon this appeal. *Porter* v. *Smith*, 107 N. Y. 533, 14 N. E. Rep. 446; *Spence* v. *Chambers*, 39 Hun, 193. We have, nevertheless, examined in detail the testimony taken, and are satisfied that the jury acted upon a clear preponderance of the evidence in determining all of the questions in favor of the plaintiff.

Besides the question arising upon the merits, it is contended by the appellants that there were no funds in the hands of the commissioners of highways of either of these towns at the time of the accident, and therefore no liability was incurred by either of them. This court has decided, in the case of *Bidwell* v. *Town of Murray*, 40 Hun, 190, as well as in this case, upon the former appeal, that lack of funds is a matter of defense, and the burden of showing it is upon the defendant. In the case of *Bryant* v. *Town of Randolph*, 6 N. Y. Supp. 441, a doubt was expressed whether, under chapter 700 of the Laws of 1881, which permits actions for negligence to be brought against the town, and not against the commissioners of highways, personally, as was formerly done, the rule pertaining to want of funds was applicable; for the town, unlike the commissioner, if without funds, has the power to raise them by taxation. No reason is perceived for longer holding this rule, exempting towns from liability where lack of funds in the hands of the commissioners is shown, any more than there is in such a defense by any person. In the case of *Bryant* v. *Town of Randolph, supra*, it was conceded by plaintiff's counsel that the old rule was applicable. For this, and for the further reason that the question was not distinctly raised there, it was not definitely passed upon. There is no such concession made by counsel in this case; yet, from abundance of caution, evidence was given from which the jury was justified in drawing an inference that the highway commissioners had sufficient funds to make these needful repairs at the time the plaintiff was injured, for the next day after the accident they went upon the ground, and proceeded to put the approaches to the bridge in a safe condition. There was also evidence that one of the commissioners had procured materials to make repairs shortly before the accident. Judge SMITH, in an opinion upon the previous hearing, says: "From that evidence it was competent for the jury to infer that the commissioners had the requisite funds or means to repair before the accident happened, even if it was incumbent on the plaintiff to show that the commissioners had funds, or the power to obtain them." Substantially the same evidence was given upon the second trial; and, consequently, it is unnecessary definitely to pass generally upon the question, whether lack of funds can be a defense in an action under the statute against the town. We have examined all of the exceptions arising during the trial, and find in them no error which would lead to a reversal of the judgment. It follows that the judgment and order appealed from should be affirmed. All concur.