GEORGE MACKEY, Respondent, *v.* THE TOWN OF LOCKE, Appellant.

*Supreme Court, Fifth Department, General Term, December* 30, 1889.

1. *Highways. Commissioners.*—The commissioner of highways must exercise active vigilance in seeing that the highways of his town do not become dangerous, and in making needful repairs.
2. *Trial. Motion to strike out.*—Where evidence, after its admission, is made to appear to be incompetent, the proper remedy is a motion to strike it out from the case.

Appeal from an order at the Cayuga circuit, denying the defendant's motion for a new trial upon the minutes of the court.

*Hull Greenfield,* for respondent.

*John W. O'Brien,* for appellant.

MACOMBER, J.—A verdict for $4,000 damages was given to the plaintiff for personal injuries sustained by reason of a defective highway in the town of Locke. The accident happened on what is known as Spafford Hill. On the second day of July, 1888, the plaintiff and his son were passing down this hill with a span of horses and a platform spring wagon, and on the way from the apex of the hill, and after rounding a sharp turn in the highway, they met a buggy driven by a young lady having her mother with her. It was apparent to all, both to those who were ascending as well as to those who were descending the hill, that at the point at which the carriages were to meet, it was impossible to pass without collision. Seeing this somewhat in advance of the

women, the plaintiff turned his horses off to the side and waited until the woman had driven by ; and then in attempting to turn back into the traveled portion of the highway a serious jolt was given to the carriage by which he was precipitated over the dash-board upon the whiffletrees, and sustained, before the horses had finally broken from him, very serious injuries.

Shortly prior to this time the road is shown to have been at this place in a bad condition. At the top of the hill there was a level spot, then there was a break from which there ran a ditch or gutter on the east side of the road. Farmers with loads were in the habit of chaining their wheels while descending the hill, and had thus cut the road out along the east wheel track which had been greatly deepened by running water. It had been so cut down, according to some of the witnesses, at the place where this accident happened, for a distance of eighteen inches to two feet. On the bank was some sod ground slanting up from the wheel track at a point just above the place where these carriages met, near a beech tree. Along the west wheel track there was a ditch two or three feet deep filled with stones and logs and brush. At this point there was not sufficient room for teams to pass without one of them got upon the east bank.

The learned trial judge submitted to the jury the whole case upon a full and impartial charge, giving plain instructions as to the obligations of the town and the duty of the traveler, to which no exception was taken by either side.

It was the duty of the commissioner of highways to exercise an active vigilance to see that the highways of the defendant did not become in a dangerous condition. And it was furthermore his duty, if he discovered them to be in a dangerous condition, to make needful repairs. He was required to exercise reasonable care in keeping the highways in a condition that would afford travelers safe passage along them. That the commissioner of highways knew that this portion of the highway under his control was dangerous to

public travel before the time of this accident admits of no reasonable doubt under the testimony given. Why the necessary repairs were not made remains still a matter of conjecture.

Whether or not the plaintiff, in passing down the hill, exercised all the care and prudence which is to be exacted of a reasonably careful man under like circumstances was, under the evidence, solely a question for the jury, and their determination of it being supported by positive evidence, and being substantially uncontradicted, ought not to be disturbed.

It is argued by counsel for the appellant, inasmuch as the highway commissioner had inspected the road shortly before the accident, and had found that teams could pass at certain places thereon, and so regarded the highway as safe, that his fault, if any, was merely an error of judgment, and that no recovery could be had for that reason. He cites, in support of such proposition, the case of Lawson *v.* Woodstock, 20 Week. Dig. 570. There is nothing, however, in that authority which would bear out the proposition named. In that case an adequate bridge was built over a stream, and the plaintiff in that action was himself the sole cause of breaking the supports or braces of the bridge by careless handling of his own load in such a way as to weaken it. That bridge was shown to have been of sufficient dimensions for ordinary and usual traffic. But in that particular instance the plaintiff undertook to carry across it a huge stone which was too wide, and which a moment's inspection would have shown him could not be safely carried across the bridge. The court merely held that there could be no claim of liability against the town simply because the highway commissioner had built a bridge of the dimensions given, and not one designed to carry the extraordinary load which was attempted to be transported on that occasion.

The only serious question in the case arises under another proposition by the counsel for the appellant, that the plaintiff was permitted to testify what his share of the income was

from the farm which he worked on shares.   It is argued that inasmuch as this income was derived from the joint service of himself, his wife, his two sons and his horses, the loss of that income would not be any part of the measure of damages to which the plaintiff is entitled.   If the case bore out the facts assumed in this argument to exist, undoubtedly a serious error was committed which would require us to grant a new trial.   The evidence is as follows: The plaintiff testified: " Before the accident I used to do all kinds of work on the farm; in pitching and haying I was the head man; I worked the farm on shares for Litchworth.   Q. What share did you have ?   Objected to by defendant's counsel as incompetent and irrelevant.   Objection overruled and defendant excepted.   A. I had one-half.   Q. What had been your share of the proceeds of the farm for the last five or six years ? Objected to.   Objection sustained.   Q. What was your time, labor and services worth to you by the year before you were injured ?   A. I always had to keep a debit and credit— Court: Estimate, in your own way, and tell us what, in your judgment, your own work, labor and time were worth to you before this accident?   A. I think it was worth six hundred dollars a year; some years we turn a good deal more and others not so much.   Defendant's counsel moved to strike out the answer, on the ground that it was not responsive, and also that the witness was merely stating his share of the profit of the farm.   Motion denied and defendant excepted." Up to this point it will be seen that the witness had been called upon and had apparently given only what the value of his own work and time were worth.   The defendant's counsel evidently had a suspicion that the plaintiff was making an attempt to claim for himself the profits of the labor of others as well as his own.   But there is nothing in the question put, nor in the answer, which necessarily leads to that conclusion.   Nevertheless, on the cross-examination it appears that the suspicion of defendant's counsel was correct. For the plaintiff is asked as follows:   " Q. In stating what

your services were worth, you estimate the profit you made on the farm when you stated it at six hundred? A. That was our share of what we got off the farm." Had a motion then been made by defendant's counsel to strike out the previous answer after it was disclosed that the plaintiff intended to include the time and services of others than himself, the same undoubtedly would have been granted by the court. But it was not made, and we are unable to see that the defendant is in a position to avail himself of the point now attempted to be made. These views cover the several points made by the learned counsel for the appellant, and lead to an affirmance of the order.

The order is affirmed with costs, and judgment directed for the plaintiff on the verdict.

BARKER, P. J., concurs; DWIGHT, J., not sitting.

NOTE ON LIABILITY OF TOWNS FOR DEFECTIVE HIGHWAYS.

The only liability of the town for injuries to person or property is that created and imposed by section 1, chap. 700 of 1881, which reads as follows: Chap. 700 of 1881. Section 1. The several towns in this state shall be liable to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such towns, in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways.

Towns were not liable for accidents on the highways until the passage of chap. 700 of 1881. Fay *v.* Town of Lindley, 58 Hun, 601.

This statute is wise and salutary and furnishes a more certain and adequate remedy and satisfaction for injuries resulting from the negligence of public officials. Embler *v.* Wallkill, 57 Hun, 384.

This act was held to be constitutional and valid, in Bidwell *v.* Town of Murray, 40 Hun, 190.

Chap. 700 of 1881 is constitutional. Taylor *v.* Town of Constable, 61 Hun, 622.

The term "defective highways," is used in reference to their condition for public travel upon them, which their designation as highways imports, and in view of the purpose for which they are established and maintained. Whitney *v.* Town of Ticonderoga, 127 N. Y. 40. The impairment of a highway for public use may be no less such by an obstruction placed in it than by a physical disturbance or injury to the bed of the roadway. Id. In

either case, the highway is in a defective condition, and evidently such condition is within the meaning of the term " defective highways," as used in the statute.   Id.

Where a town has adopted a highway, carried by a railroad company across its tracks, worked and attempted to improve the same, it is liable to the same extent for injuries received there under the same conditions as it would be on other portions of the highway not owned by the company. Bryant *v*. Town of Randolph, 60 Hun, 581.

At common law, the towns were not liable for the negligence of such commissioners.   Embler *v*. Town of Wallkill, *ante*.   The commissioners were personally liable for the consequence of their own negligence.   Id. But, in this state, the legislature has now intervened, by statutory enactment, and imposed a liability upon the towns in all cases where the commissioners would be personally liable.   Id.

At common law, the towns are in no manner chargeable with the consequences to individuals with the commissioner's neglect or misconduct in their management of the highways within the town.   Bidwell *v*. Town of Murray, *ante*.

Neither at common law nor by the statute were towns under any legal liability to respond in damages, even to persons injured by defects in the highways, until after the enactment of chap. 700 of 1881.   Monk *v*. Town of New Utrecht, 104 N. Y. 552.

The town, in its corporate capacity, has no control of highways, and is under no legal obligation to keep highways and bridges in repair.   Rhines *v*. Town of Royalton, 46 Hun, 676.   The commissioners do not act for the town in the discharge of the duties imposed on them by law.   Id.

The provisions of this statute do not change the relation of the towns to the highways or to the commissioners as regards the control and supervision of the highways and duty to keep them in repair.   Id.   But the statute creates a primary liability on the part of the towns for the neglect of duty by the highway commissioners.   Id.

This statute confers upon towns no power or duty in respect to maintaining the highway within their respective limits, but the supervision remains as before with the commissioners of highways, and it is their negligence which gives the right of action against their respective towns.   Farman *v*. Town of Ellington, 46 Hun, 41; Bidwell *v*. Town of Murray, *ante*.

While this statute does not vest the towns with any corporate power over the highways, it does not create a primary liability for the negligence of the officers charged with that duty.   Bidwell *v*. Town of Murray, *ante*.

They are public officers, and as such have the entire care of the construction and repair of the highways.   Bidwell *v*. Town of Murray, *ante*.   They are not the representatives or agents of the town in any sense.   Id.

The liability, which the town is, by the statute, required to discharge, is created in respect to matters with which it is charged with no duty, and over which and the officers whose misconduct or neglect furnishes the cause of such liability, the town has no control.   Bidwell *v*. Town of Murray, *ante*.

The law requires that the commissioner of highways should exercise active oversight and diligence to ascertain the condition of the road. Fay v. Town of Lindley, 58 Hun, 601.

It is the duty of the commissioners to use ordinary care to keep the bridges in the town in suitable repair for the purposes of the public travel over them, if he has the funds or the means of obtaining them for such purpose. Bidwell v. Town of Murray, 40 Hun, 190. For the failure in this respect, he is chargeable with negligence, and liable if injuries result from such neglect to parties lawfully passing over them, without fault on their part. Id.; Hover v. Barkhoof, 44 N. Y. 113; Bryan v. Landon, 3 Hun. 500.

Commissioners of highways are charged with the duty of active vigilance and watchfulness in ascertaining the condition of the highways, and must exercise proper care in their maintainance in a reasonably safe condition for all ordinary travel. Embler v. Town of Wallkill, ante. When these duties are not discharged and injury results to a traveler from a failure in their performance, without his fault, he has a cause of action for the damage sustained by reason of such negligence. Id.

The commissioners are required to use reasonable diligence to ascertain the situation of the bridges and highways of their respective towns, and though they do not have actual notice of defective condition, they may be chargeable with notice of the defects which would have come to their observation by the use of reasonable diligence. Bidwell v. Town of Murray, ante.

To charge a town with liability under this statute, it is essential that the injury be attributable to the negligence of the commissioner of highways of the town. Whitney v. Town of Ticonderoga, ante.

The right of the injured party to recover depends upon the liability of the commissioner except for the above act. Fay v. Town of Lindley, ante.

Under this statute, actions may be maintained against the town if the evidence would warrant a recovery against the commissioners of highways, but for the passage of the statute. Maxim v. Town of Champion, 50 Hun, 88.

In order to maintain an action against a town, under the act of 1881, facts must be alleged sufficient to constitute a cause of action against commissioners of highways prior to the enactment of the statute. Acker v. Town of Newcastle, 48 Hun, 312.

This statute creates no new liability, but merely provides that the action may be brought against the town instead of the highway commissioners. ante.

The liability of the towns is made, by this statute, co-extensive with that of commissioners of highways in towns. Monk v. Town of New Utrecht, ante.

The town is not liable unless, upon the same facts, the commissioners of highways would have been liable prior to the passage of the statute. Clapper v. Town of Waterford, 131 N. Y. 382. It is not liable, therefore, unless negligence on the part of the commissioner is shown. Id. The latter is

not guilty of negligence in omitting to make repairs when he has no funds in his hands.   Id.

The act of 1881 has not changed the powers or duties of the commissioners of highways.   Id.

A manifest difference in this respect, arising out of charter provisions, and the obvious requirements of the situation, exists between village and municipal corporations, and country towns, in respect to such obligations. Monk v. Town of New Utrecht, ante.

The question whether the commissioner is chargeable with negligence must depend upon the circumstances of each case.   Farman v. Town of Ellington, ante.

A town is liable for the neglect of its commissioners, no matter how they were chosen or appointed.   Embler v. Town of Wallkill, 132 N. Y. 222. They are the legal highway officers of the town, and the fact that they were elected by voters, who at the time of the accident had ceased to be voters of the town, has no effect upon its liability.   Id.

Whether, if the commissioner is merely an officer de facto, his mere failure or omission to act would be chargeable to him as negligence, quære. Farman v. Ellington, ante.

Commissioners, in grading highways, are not bound to provide a channel for the drainage of surface water, and the town is not liable for injuries resulting from their omitting to do so.   Acker v. Town of Newcastle, 48 Hun, 312.

It is not necessary that it should be the neglect of the particular commissioner in office at the time of the accident, in order to make the town liable. Bullock v. Town of Durham, 46 St. Rep. 459.   Nor is it necessary that notice of the defect should be shown to have been received by him.   Id.

Ordinarily, a traveler has a right to assume, in the absence of visible obstructions, that the highway is safe.   Fay v. Town of Lindley, ante ; Bidwell v. Town of Murray, ante ; Weed v. Ballston Spa, 76 N. Y. 329 ; McGuire v. Spence, 91 Id. 303.

A person approaching a highway bridge, which presents no apparent defect or condition which would render it unsafe to cross, has, ordinarily, the right to assume that those charged with the duty of keeping it in repair, have performed that duty, and that he may safely proceed on and over it. Bidwell v. Town of Murray, ante.

A doubt has been expressed whether, under this statute, which permits actions for negligence to be brought against the town and not against the commissioners of highways personally, as was formerly done, the rule pertaining to want of funds was applicable; for the town, unlike the commissioner, if without funds, has the power to raise them by taxation.   Bryant v. Town of Randolph ante ; Getty v. Town of Hamlin, 55 Id. 603.   In the last case, it was intimated that no reason was perceived for longer holding this rule exempting towns from liability where lack of funds in the hands of the commissioners is shown, any more than there is in such a defense by any person.   In neither of these cases was this question passed upon directly, and decided by the court.

26

. The rule that want of funds and inability to raise them may be a defense, was established when the action for personal injuries through defective highways was brought only against the highway commissioner personally, and not against the town itself.  Bryant v. Town of Randolph, ante.

Want of funds in the hands of the commissioners of highways at the time of the injury, is a matter of defense, and the burden of showing it is upon the town.  Getty v. Town of Hamlin, 55 Hun, 603; Bidwell v. Town of Murray, ante.

Where the reparation of a defective condition of a highway is within the means at command of the overseer, the commissioner, having given him direction to repair it, may, for the time being, rely upon the performance by him of such duty.  Farman v. Town of Ellington, ante.  But the commissioner must use reasonable diligence to learn whether the overseer has proceeded with the performance of the work, and, if not, must take measures, so far as he can, to enforce the execution of such direction.  Id.

The want of funds, or the means to obtain them, is a matter of defense.  Bidwell v. Town of Murray, ante ; Hover v. Barkhoff, 44 N. Y. 113; Hines v. Lockport, 50 Id. 236 ; Lament v. Haight, 44 How. 1; Warren v. Clement, 24 Hun, 472; Babcock v. Gifford, 29 Id. 186.

No absolute liability for such injuries was ever imposed by law upon commissioners, but only a limited responsibility arising out of their negligence, to the extent only that they were possessed of, or had power to obtain means to make necessary repairs.  Monk v. Town of New Utrecht, ante.

It is within the discretion of the commissioners, where they have not sufficient funds in their hands to make all needed repairs, to apply the funds in making such repairs as, in their judgment, are most urgently needed, and they are not responsible for an error in judgment in doing so. Monk v. Town of New Utrecht, ante.

It is no answer to the demand, which the law places on the commissioner to repair dangerous places in a highway, to say that the moneys in his hands had been designed for payment upon ordinary contracts for work which, though proper, could not be deemed to be so urgently required as the demand made by the dangerous defect in the highway.  Rhines v. Town of Royalton, 61 Hun, 624.

Where the commissioner of highways has no funds in his hands to make repairs or power to raise such funds, the town is not liable, even though the supervisor has funds, applicable to such purpose, which, though demanded, he has not paid over to the commissioner, in the absence of proof tending to show negligence on the part of the latter in instituting some proper proceedings to compel payment to him.  Clapper v. Town of Waterford, ante.

It was always a defense to an action for damages against a commissioner of highways for injuries sustained in consequence of a defective highway, to show that he was without the necessary funds to make the repairs and without the power to raise such funds.  Clapper v. Town of Waterford, ante ; Monk v. Town of New Utrecht, ante.

Note on "Liability of Towns for Defective Highways."

If it is a defense to an action for damages against a town for injuries, sustained in consequence of a defective highway, to show that the commissioner was without the necessary funds to make the repairs and without the power to raise such funds, Clapper v. Town of Waterford, *ante*, it is incumbent upon the town, in such action, to establish such lack of funds or power to obtain them; not for the plaintiff to show a sufficiency of funds or power to procure them. Bullock v. Town of Durham, *ante*.

Where an accident results from a defective approach to a bridge, and, on the next day, the highway commissioners go upon the ground and make the approaches safe, and shortly before the accident one of the commissioners procured materials for repairs, the jury may infer that such commissioners had funds or the power to obtain them. Getty v. Town of Hamlin, *ante*.

In an action against the town, the acts and declarations of the commissioner, subsequent to the accident, are inadmissible as proof to bind the town for any purpose. Clapper v. Town of Waterford, *ante*.

In Glasier v. Town of Hebron, 131 N. Y. 447, it was held that no negligence was shown either on the part of the town or any of its officers, including the commissioners of highways, at the time of, or preceding, the happening of the accident, and that, therefore, a case was not made out within any meaning of chap. 700 of 1881.

In Embler v. Town of Wallkill, *ante*, the town was held liable for the negligence of its highway commissioners in allowing, for a long period, the branches of a tree at the side of the way to overhang the traveled part of the road so low, as to cause a person, driving a load of hay thereunder, to be pulled off and injured.

The fact that the highway has stood in the condition in which it was at the time of the accident for sixty-eight years without any accident occurring, while proper to be submitted to the jury, is not conclusive against the necessity of a barrier. Maxim v. Town of Champion, 50 Hun, 88.

The omission of the commissioners to furnish the necessary safeguards is not of a judicial character so as to excuse the town from liability. Id.

The general rule is, that dangerous places in a highway should be protected by fenders, guards or barriers. Fay v. Town of Lindley, *ante*; Jewhurst v. Syracuse, 108 N. Y. 303; Kennedy v. Mayor, etc., 73 Id. 365; Warren v. Clement, 24 Hun, 472.

A town is liable for personal injuries sustained by reason of an omission of its highway commissioners to erect a railing or barrier along a highway, where it passes at a dangerous elevation. Maxim v. Town of Champion, *ante*.

A town owes no duty to the traveling public to erect a railing or fence at the top of an embankment outside of the highway, sufficient to prevent persons using the highway from walking or falling down a declivity. Monk v. Town of New Utrecht, *ante*. It is not negligence on its part, or that of the highway commissioners, to omit to do so. Id.

Chap. 700 of 1881 was repealed by chap. 568 of 1890.

Chap. 568 of 1890 went into effect on the first day of March, 1891, and since

that date section 16 of this act has regulated the liability of towns in this respect.

Said section reads as follows :

Section 16. Every town shall be liable for all damages to person or property, sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town.   No action shall be maintained against any town to recover such damages, unless a verified statement of the cause of action shall have been presented to the supervisor of the town, within six months after the cause of action accrued; and no action shall be commenced until fifteen days after the service of such statement.

Section 16, chap. 568 of 1890, does not apply to a cause of action which accrued before March 1, 1891, when the act took effect.   Bullock *v.* Town of Durham, *ante.*

The decisions, under chap. 700 of 1881, have been so fully annotated for the reason that no cases, as yet, have been reported under the act of 1890. And for the further reason that they are still authorities upon many points that will arise under the later act.

The new, prominent features of the present statute are the requirement of the presentation of a verified statement of the cause of action, the intervention of time before commencing the action, and the short statute of limitations.