RUTH E. BARBER and MORGAN F. BARBER, Respondents, v. THE
TOWN OF NEW SCOTLAND, Appellant.

*Town — the test of liability as to highways — liability purely statutory — the statute
is to be strictly construed — a culvert insufficient to carry off the water in freshets is
not a defective highway.*

The liability of a town under section 16 of chapter 568 of the Laws of 1890,
which provides that "Every town shall be liable for all damages to person or
property sustained by reason of any defect in its highways or bridges, existing
because of the neglect of any commissioner of highways of such town," is
commensurate with the liability of the commissioners of highways before the
statute was passed.

To impose upon a town a liability under the statute, it must appear that the
proximate cause of the injury was a failure upon the part of the highway
commissioner of the town, in the performance of his duties, to use ordinary
care under all the circumstances of the case.

The liability of a town is purely statutory, and in derogation of the common
law, and the statute, therefore, must be strictly construed. The negligence of
a highway commissioner which will render his town liable in such cases is
negligence which creates or permits such a defect in a highway as interferes
with public travel upon it.

In an action brought against a town to recover damages for its alleged negligence
in failing to keep a certain culvert in proper repair, it appeared that a creek
flowed through such culvert in a turnpike near the plaintiff's premises, and
then after crossing the turnpike it flowed through the plaintiff's lands; that this
culvert had been built many years before by a turnpike stock company; that
for some years prior to the injury complained of the culvert had proved
insufficient to carry off the stream in times of rain, and that on certain occa-
sions when there were severe storms the water backed up, overflowed the turn-
pike, ran from it to and over the plaintiff's lands, and damaged them.

*Held*, that there being no defect in the highway proper, there was no duty
resting upon the highway commissioner to provide a culvert to carry off water
in times of freshet.

APPEAL by the defendant, The Town of New Scotland, from a
judgment of the County Court of Albany county, entered in the
office of the clerk of said county on the 30th day of April, 1894,
upon the verdict of a jury.

*J. Newton Fiero*, for the appellant.

*O'Brien & Addington* and *Eugene Burlingame*, for the
respondents.

HERRICK, J.:

This is an appeal from a judgment, rendered upon the verdict of a jury in the Albany County Court, for the sum of $487.15, damages and costs.

The plaintiffs, in their complaint, allege that they are the owners of certain real estate in the town of New Scotland, situated on what is known as the Delaware turnpike or road, in said town; that at the time of the said injury to the premises, and for many years prior thereto, a creek or stream of water flowed through a culvert on said Delaware turnpike in front of or near the premises of the plaintiffs, and thence flowed across and over the lands of the plaintiffs; that for some years past, and at the time of the injury mentioned, said culvert through which said creek or stream flowed was, and is now, too small and insufficient to carry the water that came from said creek or stream, so that the water was stopped in part in flowing through the same, and that said culvert was improperly constructed, and that it was not large enough to let the water pass through.

That on the 4th day of May, 1893, and also on the 23d and 24th days of August, 1893, on account of said condition of said culvert, the water backed up in said culvert and overflowed the same, and passed over and upon the said turnpike, thence to the plaintiffs' lands, overflowing the same, and damaging the real and personal property of the plaintiffs in the sum of $500. And the plaintiffs further allege that before said overflow and damage, and for the past three years, they had notified and advised the highway commissioners of the defendant of the defective condition of said culvert, and requested them to repair and enlarge the same; but that they had failed and neglected to do so. They further allege that said injury was caused solely through the neglect of the defendant, its servants, agents or officers, in failing to keep the culvert, highway and road in proper repair and condition.

Upon the trial it appeared that at the times named in the complaint there were severe storms, and the surface waters and the water from the creek in question, and from a place designated as a "cave," were too great in amount to pass through such culvert, but backed up, overflowed the road, and passed upon and over the plaintiffs' premises, causing considerable damage and destruction of property.

In addition to what was alleged in the complaint, it appeared upon the trial that the culvert in question was one that had been built many years ago, and at a time when the Delaware turnpike or road was owned by a stock company.

At common law a town would not be liable for damages caused in the manner set forth in the complaint. The towns of this State are corporations for certain specified and limited purposes only, and have a limited corporate capacity.

In caring for the bridges, roads and highways of the town they are not corporations, but political divisions of the State, organized for the convenient exercise of portions of the power of the State. The town officers are not agents of the town, but independent officers selected to discharge certain public duties, and for the neglect or improper discharge of such duties the town is not liable. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Ward* v. *Town of Southfield*, 102 id. 287–295.)

A town in its corporate character has no control over the highways. It cannot lay out a highway or discontinue one. It is not liable for failure to keep highways in repair. Under our system no corporate duty is imposed upon towns in respect to the superintendence or regulation of highways within their limits. (*People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310–315; *People ex rel. Loomis* v. *Board of Town Auditors*, 75 id. 316.)

By section 4 of chapter 568 of the Laws of 1890, the commissioners of highways, in the several towns, have the care and superintendence of highways and bridges in such towns, and it is made their duty to cause "such highways and bridges to be kept in repair."

Highway officers are not agents of the town, so as to subject the town to liability for their acts. (*People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310–316; *People ex rel. Loomis* v. *Board of Town Auditors*, 75 id. 316; *People ex rel. Everett* v. *Board of Supervisors*, 93 id. 397.)

But this rule of the common law has been, to an extent, changed by statute.

By section 16 of chapter 568 of the Laws of 1890 it is provided that "every town shall be liable for all damages to person or property, sustained by reason of any defect in its highways or bridges,

existing because of the neglect of any commissioner of highways of such town."

These provisions are similar to those of chapter 700 of the Laws of 1881, and under such statute it has been held that the liability of the town is commensurate with that of the commissioner of highways before the act was passed    (*Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Clapper* v. *Town of Waterford*, 131 id. 382; *Lane* v. *Town of Hancock*, 142 id. 510.)

Under the act of 1881 (Chap. 700, Laws of 1881), transferring the primary responsibility for injuries to persons or property resulting from defects in highways from the commissioner of highways to the towns, the negligence of the commissioner is still the basis of liability, and a town is now only liable for neglect of its commissioner in a case where he would have been liable had the injury occurred prior to the passage of the act, and where the negligence of the commissioner is such as to render him liable, under the act, to the town for the recovery had against it.   To impose the liability it must be shown that the proximate cause of the injury was an omission on the part of the commissioner to use ordinary care under all the circumstances in the performance of his duties, *i. e.*, such care as a reasonable and prudent person would ordinarily have exercised under those circumstances.   (*Lane* v. *Town of Hancock, supra.*)

The test, then, is, would the highway commissioner have been liable prior to the statute ?   Is he liable over to the town upon this judgment ?

The negligence charged must be negligence in the performance of, or omission to perform an official duty.

In *Gould* v. *Booth et al.* (66 N. Y. 62), which was an action brought against the defendants as commissioners of highways to recover damages by reason of an insufficient culvert in an embankment in the highway, it was held that such commissioners were not liable, the court saying : " Culverts and sluices are proper and necessary in highways, but their location and manner of construction are very much within the discretion of the public officers, and they should not be harassed by personal actions for injuries occasioned by inadvertence or error of judgment, nor for a mere omission to perform an act which, although proper or even necessary to prevent inci-

dental injury, when the performance cannot be exacted as a legal right."

In *Acker* v. *Town of New Castle* (48 Hun, 312), where an action was brought to recover damages sustained by the plaintiff because in repairing the highway it had been done in such a manner as to throw the surface water upon the plaintiff's lands, it was held that it was not part of the duty of the defendant to provide culverts to carry off such water.

This is not a case where, by the building of a drain or sluiceway, waters have been concentrated together and cast upon the plaintiff's premises, where otherwise they would not have gone, as in *Noonan* v. *City of Albany* (79 N. Y. 470), and cases of like character; at the most, all that can be said is, that a culvert has been provided insufficient in size to carry off the surface water and the water of a running stream in times of storms. But assuming that to be negligence, it is not every negligence of a highway commissioner, even in performing or omitting to perform an official duty, that renders a town liable.

The liability of a town is, as we have seen, a purely statutory one. " Statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires." (*Fitzgerald* v. *Quann*, 109 N. Y. 441.)

The language of the statute is that the town shall be liable for all damages " sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town."

The negligence of a commissioner of highways then which will render a town liable is negligence which creates or permits a defect in a highway.

In *Whitney* v. *Town of Ticonderoga* (127 N. Y. 40) it was held that the term " defective highways," as used in chapter 700 of the Laws of 1881, " was used in reference to their condition for public travel upon them, which their designation as highways imports, and in view of the purpose for which they are established and maintained."

In this case there is no claim that the plaintiffs' damages resulted from any defect in the highway as such ; they did not happen because of the condition of the road for public travel.

PEOPLE ex rel. EDISON CO. v. CAMPBELL.  No. 1.  527

Hun.]          THIRD DEPARTMENT, JULY TERM, 1895.

In *Robinson* v. *Town of Fowler* (80 Hun, 105) this court held that an action could not be maintained against a town for negligence of the highway commissioners in blasting rock for the purpose of widening a highway so that vehicles could pass each other.   No defect in the highway itself caused the injury.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.