The People ex rel. Matthias Van Keuren, Appellants, v. The Board of Town Auditors of the Town of Esopus, Respondent.

It *seems*, that the promise of indemnity which the law implies on the part of the person at whose instance and request another does an act supposed at the time to be lawful, but which turns out to have been wrongful as to a third person, is limited to indemnity against the natural consequences of the act.

Where the act is a trespass the damages which the party committing the trespass might be compelled to pay are recoverable against his principal.

If sued, before defending the action it is his duty to give his principal notice that he may elect either to conduct the defense or make voluntary satisfaction.

But, if the agent is justified in defending and incurring costs without specific direction, he is not justified in continuing the litigation without the sanction and at the expense of his principal after the right of the third person has been established by judgment in his favor.

An overseer of highways, therefore, cannot, upon his own motion, continue to litigate an action brought against him for an official act, after judgment has passed against him on trial, and demand indemnity from the town for the costs thereafter incurred if the subsequent litigation should prove unsuccessful.

Neither an overseer of highways, however, nor a commissioner of highways under whose directions he acts, are agents of the town, and the latter is not chargeable for their nonfeasance or misfeasance, for their official acts or delinquencies.

No corporate duty is imposed upon towns in respect to the care, superintendence or regulation of highways within their limits.

The relator, an overseer of highways, under the direction of the commissioner of highways of the town, removed obstructions from what was claimed to be a public highway. The owner of the land brought an action of trespass, which the relator, without notice to the town or any of its officers, defended, and a judgment for twenty-five dollars damages was rendered against him; he appealed to the General Term and the Court of Appeals; the judgment was affirmed. The relator then presented a claim to defendants for $2,711.47 for his expenses and disbursements, which the board refused to allow. *Held*, that he was not entitled to a mandamus compelling the audit and allowance of the claim.

(Argued May 30, 1878; decided September 17, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing an order of Special Term granting a peremptory writ of mandamus, requiring the defendant forthwith to audit and allow and certify to the board of supervisors of the county of Ulster, to be levied on the town of Esopus, a bill of relators against said town for services and disbursements in a suit brought by one Martin Cole against the relator. (Reported below, 10 Hun, 557.)

Said suit was brought for acts of alleged trespass committed by the relator while acting as overseer of highways, which acts were done under the authority and direction of the commissioner of highways of said town, in removing obstructions from what was claimed to be a public highway. Upon the trial the jury found the *locus in quo* to be a private road, and the relator a trespasser, and gave a judgment for twenty-five dollars damages.

The further material facts appear in the opinion.

*S. L. Stebbins*, for appellant.   The relator being a town officer the town is under a legal obligation to indemnify him and was liable for his acts. (*Howe* v. *B., N. Y. and Erie R. R.*, 37 N. Y., 297; *Turner* v. *Jones*, 1 Lans., 147; *Fowler* v. *Gold Ex. Bk.*, 67 N. Y., 138; *Sherman* v. *Tn. of Hamburgh*, 8 Hun, 643; *Coventry* v. *Barton*, 17 J. R., 141, 142; *Powell* v. *Trustees, etc.*, 19 id., 283; Story on Agency [7th ed.], 415, 416, § 339; *Adamson* v. *Jarvis*, 4 Bing., 66; *Collins* v. *Evans*, 5 Ad. & El. [N. S.], 820; *Humphrey* v. *Pratt*, 5 Bligh [N. S.], 154; *Betts* v. *Gibbins*, 2 Ad. & El., 37; *Toplis* v. *Grane*, 5 Bing. [N. C.], 636; *Dugdale* v. *Lovering*, 12 Eng. R., 316; L. R., 10; C. P., 196; *Avery* v. *Halsey*, 14 Pick., 174; *Jacobs* v. *Pollard*, 10 Cush., 287–289; 1 R. S. [6th ed.], 848, § 8; 1 R. S. [Edms. ed.], 330, § 8.)   The relator's acts having been done by the command of the commissioner the latter was liable for them.   (3 R. S. [6th ed.], 760, § 128; 2 R. S. [Edms. ed.], 497, 498, § 108.)

*William Lounsbery*, for respondent.   Although relator was an officer of the town it was not liable for his acts. (*Williams* v. *Garrett*, 12 How. Pr., 456; *Vredenberg* v. *Hendricks*, 17 Barb., 181; *Cornell* v. *Tn. of Guilford*, 1 Den., 510; *Morey* v. *Tn. of Newfane*, 8 Barb., 645; *Lorillard* v. *Tn. of Monroe*, 11 N. Y., 394; *People* v. *Suprs. Chenango Co.*, id., 563; *Tn. of Fishkill* v. *T. and B. P. R. Co.*, 22 Barb., 634; *Mathew* v. *Crawford*, 36 id., 564, 565; *Coventry* v. *Burton*, 17 J. R., 142; *Powell* v. *Trustees, etc.*, 19 id., 284.)

ANDREWS, J.   There would be much difficulty in sustaining the mandamus for the whole of the relator's claim, assuming that the direction of the commissioner of highways to enter upon the premises of Cole is to be regarded as the direction of the town, and that the town by reason of such direction and the subsequent entry, in pursuance thereof, by the relator, was bound to indemnify him against the consequences of the trespass to the same extent as an individual would be under like circumstances.

But the promise of indemnity, which the law implies on the part of the person at whose instance and request another does an act, supposed at the time to be lawful, but which turns out to have been wrongful as to a third person, is limited to indemnity against the natural consequences of the wrongful act. If the act was, as was that of the relator in this case, a trespass upon the lands of another, the damages which the party committing the trespass might be compelled to pay, in satisfaction of the injury, would plainly be recoverable against his principal.

The relator claims to charge the town with the sum of $2,711.47, for money paid, and costs and expenses incurred in the suit brought against him by Cole. The jury, upon the trial, rendered a verdict for the plaintiff of twenty-five dollars damages, upon which judgment was perfected in his favor for $298.83 damages and costs. The relator appealed to the General Term, where the judgment was affirmed, and then appealed from the decision of the General Term to this court, which affirmed the judgment of the court below. The greater part of the relator's bill is for expenses and disbursements incurred and paid in prosecuting the appeals from the original judgment. The relator gave no notice of the suit to the town or any of its officers, and the suit was defended, and the appeals brought upon his own motion, without the direction of the town or the highway commissioner, and without having made any application to the electors in town-meeting or to any town officer for advice or direction in the premises.

It would seem to be reasonable, that the relator should, before defending the action or incurring expenses, have given notice to the town or the highway commissioner, so that the town could have conducted the defense, or, if it so elected, make voluntary satisfaction for the trespass committed. But if the relator was justified in defending the action and incurring the costs of a trial, as the agent of the town, without specific direction of the town, he was not justified in continuing the litigation on the credit or at the expense

of the town, after the right of Cole had been established by
the verdict and judgment in his favor. The subsequent costs
incurred by him cannot be deemed to be a consequence of
the original command and direction of the commissioner.
A party entitled to indemnity cannot enlarge his account
or claim against the indemnitor by an improper resistance to
a demand which he cannot defend. The judgment obtained
by Cole was presumptively right, and established that the
*locus in quo* was not a highway; and although it was
subject to be reversed for error, the relator was not author-
ized, upon his own judgment and without the sanction of
the town, to further litigate the question at its expense.
Good faith, and a due regard to the rights of the town,
required that he should not incur further costs in its behalf,
without its direction and approval.

The statute has carefully secured the right of counties and
towns to control and direct litigations against them. Suits
against counties are commenced by service of process on the
chairman or clerk of the board of supervisors, and the stat-
ute (1 Rev. St., 384, § 3) makes it the duty of the chairman
or clerk, upon whom process is served, to lay before the
board of supervisors, at their next meeting, a full statement
of the suit or proceeding, for their direction in regard to the
defense thereof. And where a suit is commenced against a
town it is, in like manner, made the duty of the supervisor
(1 Rev. St., 357, § 3) to lay before the electors of the town,
at the next town-meeting, a full statement thereof, for their
direction in the premises. An overseer of highways is a
subordinate public agent, with defined, but very limited
power, and it cannot be held, in view of the nature of his
agency, that he may continue to litigate an action brought
against him for an official act, after judgment has passed
against him on trial, and demand indemnity from the town,
if the subsequent litigation should prove unsuccessful.

But the claim of the relator against the town, for any
amount, must fail, for the reason that neither the commis-
sioner of highways,—by whose direction the entry upon the

land of Cole was made — or the relator, were agents of the town, and that the town is not chargeable for their non-feasance or misfeasance or for their official acts or delinquencies. Under our system, no corporate duty is imposed upon towns in respect to the care, superintendence, or regulation of highways within their limits. Commissioners of highways have, by the statute, the care and superintendence of highways, (1 Rev. St., 501, § 1) and, in the administration of the highway system, they, and the overseers of highways in subordination to them, are independent public officers, exercising public powers, and charged with public duties specially prescribed by law. Highways are laid out and discontinued by the commissioners, under the regulations contained in the statute, (1 Rev. St., 502, § 2). They receive and disburse the money raised by taxation for the maintenance of highways, and apply it in their discretion, independently of any control of the town, and are not, in any respect, subject to its direction in the discharge of their duties. They are responsible, in a civil action, for any injury resulting from their neglect to repair a highway (if provided with means for that purpose) whereby an individual sustains damage (*Hover* v. *Barkhoof*, 44 N. Y., 113); and power is given them to sue in their own name to enforce penalties and other liabilities, created by the highway act.

On the other hand, the town, in its corporate character, has no control over the highways. It cannot lay out a highway or discontinue one. It is not liable for failure to keep highways in repair. Highways are not the property of the town, and the use is in the public not for the benefit of the inhabitants of the town alone, but of the whole community. The town exercises but two important functions in respect to highways; it elects the commissioner of highways, and determines, through the electors, in town-meeting, what sum, if any, exceeding $250 in each year shall be raised by taxation for the improvement of highways and bridges. The election of commissioners of highways by the towns is a convenient method of designating suitable public agents to dis-

charge the duties imposed for general public purposes upon those officers, and the State has committed to the portion of the public, residing in the locality, to determine within certain limits what amount of taxation shall be imposed for the support of highways.    These circumstances do not, however, make highway officers the agents of the town, so as to subject the town to liability for their acts.    This view has been held by the Supreme Court, in many cases, commencing with the case of *Morey* v. *The Town of Newfane* (8 Barb., 645), in which an able opinion was delivered by Selden, J. (See *Town of Fishkill* v. *Plank-road Co.*, 22 Barb., 645; *Town of Gallatin* v. *Loucks*, 21 id., 578; *Town of Galen* v. *Plank-road Co.*, 27 id., 543; *Gailor* v. *Herrick*, 42 id., 79.)

In *Lorillard* v. *The Town of Monroe* (11 N. Y., 392), it was held, that assessors and collectors of taxes are not the agents of a town in its corporate capacity; and that a town is not responsible for any mistake or misfeasance committed by them while engaged in the performance of their duties. The assessors in that case had assessed the plaintiff's property, not liable to assessment, within the town, and the action was brought against the town to recover taxes collected upon this illegal assessment, which had been applied to general and local purposes, under the arrangements of the statute.    It was decided that the town was not liable. Denio, J., after referring to the provisions of the statute defining the corporate capacity and powers of towns, says : "In all other respects; for instance, in everything which concerns the administration of civil or criminal justice, the preservation of the public health and morals, the conservation of highways, roads and bridges, the relief of the poor, and the assessment and collection of taxes, the several towns are political divisions, organized for the convenient exercise of portions of the political power of the State; and are no more corporations than the judicial, or the senate and assembly districts;" and, in referring to the fact that a part of the taxes raised are expended within the town, says that these purposes "are as much public as those for which the

State and county taxes are expended." The principle of this case is decisive against the claim made by the relator to charge the town for the money paid and expenses incurred in the suit of Cole.

The case seems to be a hard one for the relator, but we are satisfied that no legal obligation rests upon the town to indemnify him, and the order of the General Term must therefore be affirmed.

All concur, except Miller and Earl, JJ., absent.

Order affirmed.