Corlett, J.
For many years previous to 1884, a bridge existed across the Tonawanda creek at Attica; it was. claimed by some of the inhabitants of the town that it was. not properly constructed, also that long use had so impaired it as to make it expedient to construct a new bridge.
From the annual town meeting of ■ 1884 until the town meeting of 1885, George S. Miller was the sole highway commissioner of the town. The defendant was elected in his-place in 1885, and has since served in that capacity.
On the 25th day of July 1834, a special meeting of the-town board consisting of the supervisor, town clerk, and *195 three justices of the peace, was held for the purpose of examining the bridge and determining its sufficiency.
The board decided that the bridge was unsafe and authorized Miller to procure the construction of a new bridge.
On the 7th day of August, 1884, Miller as highway commissioner made a contract in writing with the plaintiff, to construct a new bridge in place of the old one for the sum of $3,975. It was to be completed on or about the 1st-day of October, 1884.
• The plaintiff entered upon the performance of its contract, and after some delays and extensions completed the bridge in February, 1885. After which Miller presented his account to the town board which consisted of the contract price, and $89.61 for removing the old bridge.
The account was audited and allowed by the town board. Afterwards and on the 23d day of February, 1885, at the annual town meeting the electors of the town voted to pay the bill. No money was raised for that purpose, and finally this action was brought.
The defense in substance is, that Miller had no power as highway commissioner to make the contract; that the defendant as his successor is not liable in his official capacity; that the town meeting had no authority to audit the account; in short, that the town is not liable to pay for the bridge.
The answer, also, alleges fraud and collusion between Miller, the plaintiff, and his agent, whereby a much larger sum was contracted to be paid, than the job was worth; but no evidence was given upon the trial to sustain this defense.
Nor was any evidence given tending to show that the new bridge was improperly constructed, or that it was not worth the contract-price. The bridge has been used even since its completion and no claim was made on the trial that it was not finished in all respects as required by the contract.
Miller assumed that chapter 103 of the session laws of 1858, as amended by chapter 442 of the laws of 1865, conferred authority to make the contract.
The statute is: “In case any road or roads, bridge or bridges shall be damaged or destroyed by the elements, or otherwise, after any town meeting shall have been held, and since the 15th day of February, A. D., 1865, then and in that case it shall be lawful for the commissioner or commissioners of highways by and with the consent of the board of town auditors or a majority thereof, of the town or towns in "which such road or roads, bridge or bridges, shall be situated, to cause the same to be immediately repaired or rebuilt, although the expenditure of money required may *196 exceed the sum now authorized to be raised by law upon the taxable property of the town or towns for such purposes. And the commissioner of highways shall present the proper voucher for the expense thereof to the town auditors at their next annual meeting, and the said bill shall be audited by them and the amount audited therein shall be collected in the same manner as amounts, voted at town meetings as now required.
The evidence failed to show that the old bridge was damaged or destroyed after the town meeting.
On the other hand it clearly appeared that no change took place in the old bridge after the town meeting, except such as use produced. Original defects in connection with long use caused the determination to build a new bridge; it continued to be used the same as it always had been until the completion of the new bridge.
It is entirely clear that the commissioner was not authorized to make the contract by the statute above-quoted.
It becomes necessary, therefore, to examine the statutes relating to highways and bridges for the purpose of ascertaining whether power was elsewhere conferred.
The statutes on this subject are collected in 2 R. S. (7th ed.), 1212, chap. 16.
The first section provides in substance: “ That the commissioners of highways of towns shall have the care and superintendence of bridges.
Section 4, page 1214, provides that the commissioner of highways shall deliver to the supervisor a statement of the improvements necessary to be paid on roads and bridges, together with the probable expense, and that the board of supervisors shall cause the amount estimated to be raised out of the town, but limits the sum to be collected in any one year to $250.
Chapter 274 of the Laws of 1832 (2 R. S., 1216), provides “ that when the commissioner of highways of any town . shall be of the opinion that $250 will be insufficient, application may be made in open town meeting for a vote to raise the further sum of $250.
Chapter 615 of the Laws of 1857 (2 R. S., 1218), further provides that whenever the commissioner of highways shall be of the opinion that the above sums will be insufficient, he may apply in open town meeting for a vote to raise $750 more.
Chapter 194 of the Laws of 1849 (2 R. S., 930), confers power upon the board of supervisors to authorize a town to borrow not to exceed $4,000, to build or repair roads or bridges.
Chapter 855 of the Laws of 1869, as amended by chapter 260 of the Laws of 1874 (2 R. S., 936), authorizes the board *197 of supervisors of towns to borrow, for the purpose of building roads or bridges, a sum not to exceed one-half of one per cent for any one year on the assessed valuation.
The statute provides “that all moneys to'build or repair roads or bridges shall be placed by the board of supervisors upon the towns interested. The authority to raise money for road or bridge purposes is conferred by statute.
In Lorillard v. The Town of Monroe (11 N. Y., 392-394), the court say:_ “In everything which concerns the administration of civil or criminal justice; the preservation of the public health and morals; the construction of highways, roads and bridges; the relief of the poor, and the assessment and collection of taxes; the several towns are political divisions organized for the convenient exercise of portions of the political power of the state, and are no more corporations than the judicial or the senate and assembly districts.
At common law the duty of repairing bridges rested upon the county. Hill v. Board of Supervisors, 12 N. Y., 52.
Before the passage of chapter 700 of the Laws of 1881, towns were not liable for negligence. Morey v. Town of Newfane, 8 Barb., 645; People ex rel. Van Keuren v. Town Auditors, 74 N. Y., 310.
It is otherwise with cities and villages. Conrad v. The Trustees of the Village of Ithaca, 16 N. Y., 158; Wendell v. Mayor, etc., of Troy, 39 Barb., 329; Hyatt v. Trustees of the Village of Rondout, 44 Barb., 385; affirmed, 41 N. Y., 619.
Commissioners of highways are liable for negligence for defects in roads or bridges. Warren v. Clement, 24 Hun, 472.
But not unless they have funds, or are guilty of negligence in omitting to raise them. Garlinghouse v. Jacobs et al., 29 N. Y., 297; Robinson v. Chamberlain, 34 id., 402.
They are liable personally. Lament v. Haight, 44 How., 5.
Towns are not liable to reimburse the commissioners. People ex rel. Loomis v. Board Town Auditors, 75 N. Y., 316; People ex rel. Van Keuren v. Town Auditors, 74 id., 310; Olmsted v. Dennis, 77 id., 382.
No corporate duty rests upon towns to repair bridges. 74 N. Y., 310, above cited.
A town can not be sued to collect an account incurred on account of bridges. Town of Fishkill v. Fishkill and Beekman Plank Road Co., 22 Barb , 634; Town of Galen v. Clyde Rose Plank Road Co., 27 Barb., 543.
A town in its corporate capacity has no control over bridges or highways, and is not bound to repair either. *198 People ex rel. Loomis v. Board Town Auditors, 75 N. Y., 317; Dickinson v. City of Poughkeepsie, 75 N. Y., 65.
It is a familiar rule that highway commissioners are not agents for the town. People ex rel. Van Keuren v. Town Auditors, 74 N. Y., 310.
A municipal corporation is not liable for unauthorized acts of a third person. Davies v. Mayor, etc., City of New York, 83 N. Y., 207.
In actions brought against towns the summons must be served on the supervisor. 1 R. S. (7th ed.), 840.
The above condensed statement shows that this action cannot be maintained against the defendant as commissioner of highways.
The contract upon which he was sued is not one which his predecessor was authorized to make; it therefore imposed no duty or liability on the present incumbent.
The learned counsel for the plaintiff earnestly contend that the town has ratified the contract by the action of its town board and the town meeting.
If the contract made by Miller was one which the town had power to make, it is undoubtedly true that there is abundant evidence of ratification.
The difficulty is that neither Miller, in an official ca-
Eacity, the town board, or the town alone or altogether, ad power to make the contract. There can be no ratification without original power.
It follows that this action cannot be maintained. It is not necessary to decide in what way the plaintiff can recover for building the bridge; but it is fair to assume that in the absence of fraud or collusion, which were not proved, the town will take measures to pay without further litigation.
In any event, they will have but little trouble in procuring the passage of an act by the legislature authorizing the imposition of a tax to pay a just compensation for building the bridge.
This power has been frequently exercised. People v. Board of Supervisors, decided in superior court of Buffalo, November, 1875, 1 Sheldon R., 517.
As a new trial would be useless the verdict must be set aside and the complaint dismissed.