(53 Misc. Rep. 69.)

### McCOY v. McCLARTY et al.

(Supreme Court, Special Term, Washington County. February, 1907.)

1. HIGHWAYS—TOWN COMMISSIONERS—EMPLOYMENT OF COUNSEL.

> Where an application is served on town highway commissioners for the appointment of commissioners to lay out a new highway, they may present the matter to the town board, which may by resolution employ counsel to oppose the application.

**2.** SAME—LIABILITY OF COMMISSIONERS.

Town highway commissioners, on a request of the individuals composing a town board, employed counsel to oppose the laying out of a new highway, and succeeded, to the benefit of the town. *Held*, that they were liable to their counsel for his fees and disbursements, and should present a claim therefor to the town auditors as a necessary expense incurred in the discharge of their duties.

**3.** TOWNS—CLAIMS—REJECTION.

Where an attorney is employed by the town highway commissioners to oppose an application for the laying out of a highway, the rejection of his claim against the town for services, submitted to a town meeting, is not a rejection of the claim of the commissioners of highways for disbursements of such attorney.

**4.** JUDGMENT — CONCLUSIVENESS — PERSONS ULTIMATELY LIABLE — ACTION AGAINST TOWN OFFICERS—NOTICE TO TOWN TO DEFEND.

An attorney sued the town highway commissioners as individuals for services as counsel. A notice was addressed to them to the effect that they should defend the suit, and would be held liable as individuals and as highway commissioners for any damages sustained. *Held* not sufficient notice to the town to come in and defend; it having no interest at the time in defending the claim.

**5.** TOWNS—LIABILITIES—ACTIONS AGAINST OFFICERS—EXPENSES.

An attorney employed by highway commissioners recovered a judgment against them for services, which judgment was affirmed by the Court of Appeals. At a special town meeting it was voted that the town should reimburse the commissioners for liability incurred, and a claim was filed by the commissioners for the amount of the judgment against them, with costs and disbursements. A taxpayer sued to have the claim declared illegal and the allowance set aside, and to restrain the supervisors from including the amount of tax levy. *Held*, that the only legal obligation against the town was for attorney's fees and expenses incurred by such highway commissioners in the action in which the attorney was engaged, and the expenses upon the appeals in the case by the highway commissioners were not incurred for the benefit of the town, and it was not liable therefor.

**6.** ESTOPPEL—REQUEST.

Where an individual applied to the town highway commissioners, requesting them to contest the laying out of a proposed new highway, and the commissioners employed an attorney for such purpose, such person was not estopped by such a request from objecting to a claim presented by the commissioners, not only for the value of the services rendered by such attorney, but also for the expenses of the action by the attorney to recover for such services.

Action by Marshall McCoy against W. James McClarty and others. Judgment for plaintiff.

Erskine C. Rogers (John E. Sawyer, of counsel), for plaintiff.
J. B. McCormick (John L. Henning, of counsel), for defendants.

VAN KIRK, J. This is an action brought by a taxpayer of the town of Hartford, Washington county, and state of New York, to have a certain vote, taken at a special town meeting, relative to the allowance of a claim against the town, declared illegal and void, to have the audit and allowing of said claim by the town board declared illegal and void, to restrain the board of supervisors from including the amount so allowed in the tax levy against the town of Hartford, and to restrain other public officers from issuing a warrant and collecting the tax, and for such other relief as may be just. The action is

104 N.Y.S.—6

brought under Laws 1892, p. 620, c. 301, § 1.   The facts, briefly stated, are as follows:

In May, 1901, an application was made to lay out a certain highway in the town of Hartford.   A petition was presented, upon notice to the commissioners of highways, to the county judge, for the appointment of three commissioners to determine upon the necessity of such highway.   Under date of May 15, 1901, is the following:

"That the undersigned town board of the town of Hartford do hereby respectfully request that the commissioners of highways of said town shall oppose the laying out and building of the new proposed highway leading from Adamsville to Hartford and do all they can to prevent the same."

This paper is signed by the individuals composing the town board.   It is admitted that this paper was not signed at any meeting of the town board, and that the town board, as a body, never took any action thereon.   The highway commissioners employed Fred A. Bratt, Esq., as their attorney, and opposed the laying out of the highway, in which opposition they were successful, largely to the benefit of the taxpayers of the town of Hartford.   The opposition on the part of the highway commissioners to laying out this highway, their conduct in employing counsel, and their services, were undisputedly all in good faith and with the intent to serve the best interests of the town of Hartford.   In December, 1902, a proposition to raise $325 to settle the claim of Mr. Bratt for legal services and disbursements in the proceeding to lay out the highway was submitted at a town meeting to the voters of the town of Hartford, but was rejected.   At this time, under the undisputed facts of the case, Mr. Bratt had no valid claim against the town directly.

The town board, when said claim was later presented to it, refused to allow the claim of Mr. Bratt, and mandamus proceedings were then instituted to require the board to audit and allow his bill.   The application was denied by Judge Houghton, who suggested that Mr. Bratt compel the highway commissioners to pay for his services and then present the matter to the board of town auditors.   To compel such payment, an action was begun by Mr. Bratt against those persons who were the highway commissioners of the town of Hartford, as individuals.   The value of the services of Mr. Bratt and the amount of disbursements were not seriously contested in this action.   The subject of the contest was whether or not the commissioners of highways were the employers of Mr. Bratt, and whether or not judgment could go against them as individuals.   Under date of July 27, 1903, the defendants in said action in the County Court prepared a notice, addressed to Hiram Hall and five others, as individuals, who were the same persons who had signed the paper dated May 15, 1901, all but one of whom were members of the town board on July 27, 1903.   This notice informed said individuals that the action had been brought by Mr. Bratt to recover the sum of $379.30, with interest from October 20, 1902.   The notice continues:

"We shall look to you to defend this action, and shall hold each and every one of you, both individually and as members of said town board, for any damages and costs which may be sustained by us by reason of said action."

This notice was not a sufficient notice to the town of Hartford to come and defend, nor at that time did the town of Hartford have any interest whatever in defending the claim of Mr. Bratt, unless, on account of matters which might thereafter arise, it had an interest in the amount claimed by Mr. Bratt. On June 11, 1904, judgment was entered in this action in favor of Mr. Bratt against the defendants, individually, for $410.50. Thereafter an appeal was taken to the Appellate Division, where the judgment was affirmed, April 6, 1905, with $116.76 costs. Thereafter an appeal was taken to the Court of Appeals, where the judgment was affirmed, June 21, 1906, with costs in the sum of $103.86. These appeals were taken without any action whatever upon the part of the town board of the town of Hartford which in any manner authorized the appeals or by which the town recognized or incurred any liability. Thereafter, in September, 1906, upon the application of 25 taxpayers of the town of Hartford, a special town meeting was called to vote upon the following proposition:

"Shall the said town of Hartford, N. Y., pay, indemnify, and reimburse its former commissioners of highways, namely, James McClarty, Alfred C. Gibbs, and Earl Kinney, for all liability incurred and sums of money paid, laid out, and expended by them, or either of them, in the defense of and in defending the suit and action brought against them by Fred Bratt, and in satisfying the judgments recovered by said Bratt in said action and suit against them? And shall the town board of the town of Hartford audit and allow the just and reasonable sums so paid, laid out, expended, and incurred?"

A vote was taken on the proposition, and a majority voted "Yes." Thereafter, in November, 1906, the said McClarty and others presented a claim for $1,345.42, which was allowed by the town board at $1,130.72. This amount was returned to the board of supervisors, to be included in the tax levy in the town of Hartford, when this action was begun and a temporary injunction issued restraining the board of supervisors from including said sum in the tax levy and warrant.

The highway commissioners are the only officers of the town to whom notice must be given in proceedings to lay out a highway. Being thus made parties to the proceedings, it was the duty of the highway commissioners to examine into the facts and act for the best interests of the town. The better course for the highway commissioners to have pursued, when they received notice of the application for the appointment of commissioners to lay out this highway, was to present the matter to the town board, and, if that body determined that a defense should be made, the town board by resolution could have employed counsel in behalf of the town. This, however, was not done in this case. The highway commissioners could, if proper and necessary, and acting in good faith and without collusion, employ counsel to aid them in opposing the laying out of this highway. This the highway commissioners did. The attorney, however, was employed by them as individuals, and not by the town. The court, in People ex rel. Van Keuren v. Board of Town Auditors, 74 N. Y. 310, said, speaking of highway commissioners:

"They have no general power or authority to bind the town by their contracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created."

The attorney must present his bill for services to the highway commissioners, who then should settle with the attorney for his fees and disbursements and present the claim therefor as a necessary expense incurred upon their part in the discharge of their duties as highway commissioners. If the town auditors refused to allow the claim, or if the claim was unreasonably reduced before being allowed the remedy on the part of the highway commissioners was by certiorari. People v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739; People v. Vanderpoel, 35 App. Div. 73, 54 N. Y. Supp. 436; People v. Supervisors, 82 Hun, 298, 31 N. Y. Supp. 248. If the highway commissioners could not settle with their attorney because his charges were too large, then they could refuse to pay him, and he could resort to the courts to establish his claim against them and the amount thereof; but, upon the facts known to the commissioners and their attorney at the time the action in the County Court was brought, the only question that could fairly be raised was as to the amount of the fees and disbursements of the counsel. The above procedure to establish the claim of Mr. Bratt as a valid claim against the town of Hartford is so plainly indicated by the statutes and the decisions in this state that it ought to have been recognized as the proper course of procedure. The highway commissioners did not apparently attempt to settle with Mr. Bratt; but Mr. Bratt, under the suggestion of Judge Houghton, brought his action and recovered a judgment against the individuals who were the highway commissioners. The highway commissioners have never presented a claim to the board of town auditors for the services and expenses of Mr. Bratt in the highway proceeding as expenses necessarily incurred and paid by them in performing their duties, unless in the claim presented after the vote at the special town meeting.

The question, then, before the court, is whether or not facts have been shown on which the claim, as audited at $1,130.72, or any part thereof, can be included in the tax levy against the town of Hartford and collected from the taxpayers. We think it was not necessary, though proper, for the highway commissioners to get the consent of or authority from the town board to employ counsel to defend the laying out of the highway, and such consent or authority was never procured, so that Mr. Bratt was never retained by the town of Hartford in said proceeding. The vote at the first town meeting upon Mr. Bratt's bill against the town is not a rejection of the claim of the commissioners of highways for disbursements to counsel, because the claim was then voted on as a claim against the town, directly, by the attorney and not as a claim by the highway commissioners for expenses incurred by them. That vote, therefore, was not a rejection of any claim or amount at issue in this action. We think it is fair to say that the commissioners have now paid their counsel, their bill has been presented to the auditors, and the bill has been allowed at $1,130.72. This court cannot act as auditor for the town of Hartford; but it has to determine whether or not the items, not the amounts, allowed, are lawful to be collected by tax.

The real question tried in the County Court was, not the amount to be allowed to the attorney, but whether or not the commissioners,

as individuals, or the town board, as individuals, were first liable to Mr. Bratt. In that question the town was in no sense interested and was not represented by counsel. None of the expenses of this action were for the benefit of the town, nor were any of the disbursements the disbursements of a·town officer while discharging his duties as a town officer. If it was of sufficient interest to the highway commissioners to determine whether or not the expenses for the counsel in the highway proceeding should be presented as a disbursement of the highway commissioners to incur the expenses of a lawsuit, the town cannot be called upon to pay those expenses. No sufficient notice was given to the town to come in and defend, nor was there reason to expect that the town would come in upon the issue there being tried.

The defendants in this action can hardly claim that the town could hope to put the expense for their attorney upon the individuals composing the town board, and then claim those individuals could have no allowance for disbursements in a matter exclusively within the duty of the highway commissioners. But, unless the town could take such position, it had no interest in the issue to be tried. The defendants are claiming that the expense for counsel in the highway proceedings was incurred in good faith and for the best interests of the town, and resulted largely to the benefit of the town. Likewise, in the appeals, the town had no interest. There was no claim against the town then. There was no issue, certainly, in the appellate courts, as to whether or not the amount of the attorney's bill should be lessened. Not until that bill had·been paid and presented as a disbursement of some officer could the town be called upon to pay it. The only possible interest the town could have was in defeating the claim entirely, and the defendants, as above stated, could not be heard to such an end in this action. So that the disbursements at the trial in the County Court and upon the appeals are not legal claims against the town. The only proper items for disbursements before the board of town auditors were those for counsel fees and expenses in the proceeding to lay out the highway, unless the disbursements at the trial in the County Court and upon the appeals have been made a legal, claim against the town by the vote at the special town meeting in September, 1906.

So the question arises: Could a majority of the taxpayers, attending said special town meeting, vote upon the town such a liability? A vote of a majority of taxpayers of a town attending at a special town meeting cannot by their vote make all kinds of claims legal claims; and, if a majority favor the payment of an illegal claim, any taxpayer may thereafter test the claim in the courts. A town meeting has only such powers as the statute gives it. A voter may in perfect security remain away from a town meeting, relying upon the fact that the voters cannot vote an illegal claim upon the town. After a careful examination of the statutes and of the authorities, I am constrained to hold that the only claims which can be made legal obligations against the town of Hartford, under the circumstances of this case, are the claims for attorney's fees and expenses incurred in the proceeding to lay out the highway. All the other expenses included in the bill audited as above are expenses concerning matters in which the town had no interest whatever, which could not result for the best interests of the town,

and, therefore, concerning which the town board could not have employed counsel to represent the town and by so doing have bound the town. The expenses in the County Court upon the issue there raised and the expenses upon the appeals were not expenses incurred for the use and benefit of the town, and the taxpayers at a special meeting could not make claims therefor valid claims against the town.

The expenses of the attorney and the disbursements during the highway proceedings are expenses which may come within the expression "necessarily incurred for the use and benefit of the town"; but the other expenses, although apparently authorized by the vote at the special town meeting, are not expenses "for any town purpose," nor in any sense "for the use and benefit of the town." The items contained in the bill are not such as may be submitted to a special town meeting to make them legal claims against the town, even though a majority of the taxpayers attending vote that the town should pay them. They are not items which are directed by law to be raised for any town purpose; nor do they include judgments duly recovered against the town; nor are they damages recovered against town officers for any act done in pursuance to the direction or resolution of the town board, or of a town meeting; nor are they damages against a public officer for any act done in good faith in his official capacity, without such direction or resolution of the town board or a town meeting; nor are they costs and expenses, lawfully incurred by any town officer, in prosecuting or defending an action or proceeding brought by or against the town, or against a public officer for an official act done, where the said officer is required by law to prosecute or defend.

The defendants urge that the town might have authorized the highway commissioners to defend the action in the County Court and to take the appeals, and therefore, although they did not so authorize them, they might thereafter ratify the acts in defending the action and taking the appeals. This contention is answered above. Rockefeller v. Taylor, 69 App. Div. 176, 183–185, 74 N. Y. Supp. 812. The special town meeting authorized the town board to audit the claims. The vote at that special town meeting, however, cannot be construed to authorize the town board as the board of town auditors to make an illegal claim a legal one against the town. The town board has audited two items which are legal and proper, namely, for counsel fee and disbursements during the proceeding to lay out the highway, and the amount allowed for these items may be raised by tax. The attorney's bill for fees and expenses in the proceedings to lay out the highway is fixed by the judgment in the County Court at $435.60. This item is allowed by the town board in its audit of the claim, and is legal and valid. This, I am aware, includes costs in the County Court; but, inasmuch as the jury did not allow the full amount claimed by the attorney for his services, and so did pass upon the value of his services, although no direct evidence on the value of the services was presented by the defendants, I am disposed to hold that the judgment in the County Court fixes the just amount of the claim.

The defendants urge that the plaintiff in this case is estopped from prosecuting this action because he signed the exhibit, dated May 15, 1901, requesting the commissioners of highways to oppose the laying

out and building of the new proposed highway. This writing, at best, was only the consent of the plaintiff that the highway commissioners should employ counsel to contest in that proceeding, which was an entirely proper thing to do. It in no sense consented that the expenses in the County Court or upon the appeals should be incurred. The plaintiff is not estopped from prosecuting this action.

The plaintiff is entitled to judgment permanently enjoining the defendants and each of them from including in the tax levy against the town of Hartford any item of said bill other than the said judgment, $435.60, with interest, and adjudging that the claim, as audited, except as to said amount, is illegal, and not a valid claim against the town of Hartford, with costs against defendants McClarty, Gibbs, and Kinney. I do not intend to hold that any necessary expenses, actually paid by the commissioners during the proceedings to lay out the highway, are improper charges against the town of Hartford; but I am unable, from the evidence, to distinguish any such items in the claim allowed. Allowing the costs in the County Court judgment is hardly consistent with my views in the case; but, by so doing, the verdict of the jury as to attorney's fees and disbursements is accepted, and the town should pay the reasonable expenses of defeating the laying out of the highway, without putting the highway commissioners to further expenses.

Judgment accordingly.