## DUBBS v ZAK, BROS CO

Ohio Appeals, 8th Dist, Cuyahoga Co.
No 11002. Decided Jan 12, 1931

Shuler, Smith & Ungerleider, Cleveland, for Dubbs.

C. J. Bannick, Cleveland, for Zak Bros. Co.

**LEVINE, J.**

We are cited to the case of Gerkin vs Brown & S. Co., 177 Mich. 45, wherein the court allowed a recovery of damages against defendant for injuries, due to the dye on a fur collar rubbing against the neck of plaintiff and poisoning him. Quoting from the language of the court in said case:

> "When the fact is once established and demonstrated by experience that a certain commodity apparently harmless, contains concealed dangers, and when distributed to the public through the channels of trade, and used for the purposes for which it was made and sold, is sure to cause suffering to, and injure the health of, some innocent purchaser, even though the percentage of those injured be not large, a duty arises to, and a responsibility rests upon the manufacturer and dealer with knowledge, to the extent of at least warning the ignorant customer or user of existence of the hidden danger. Failing to do so, the dealer who has knowledge and odes not impart it, is liable to a subsequent ignorant purchaser, for injuries sustained through such hidden dangers. This is by reason of the duty the dealer owes to the public generally which includes all whom it may concern, to give notice of any concealed dangers in the commodity in which he traffics, and to exercise a reasonable precaution for the protection of others."

Also Garvey vs Namm, 121 N. Y. Supp. 42, wherein the court allowed a recovery for injuries against a dealer in ladies' garments in favor of the purchaser for injuries received by said purchaser while attempting to wash said garment in which a needle was embedded, it appearing that an inspection of the garment would have revealed the presence of the needle.

There is no dearth of law on that subject and the propositions stated by counsel for plaintiff in error are correct in an abstract way. We fail to conceive the application of the principle enunciated to the present case. It is quite clear from the recital of the petition itself that the shoes were not defectively manufactured. At most, all that could be claimed is that the particular shoes did not fit the particular customer's feet. He is, of course, the best judge of whether the shoes fitted him or whether they pinched him. The retail dealer in shoes must rely on the customer's judgment as to whether the shoes feel comfortable. If after buying the shoes the customer finds that the same cause discomfort there is a simple way out of it, namely, to refuse to wear the shoes.

A different case would be presented if it appeared for instance that while fitting the shoes purchased from the dealer, the customer's foot came in contact with a projecting nail which caused injury. Such a case would be quite similar to the case wherein a needle was permitted to remain in a garment purchased from a dealer and wherein the New York courts allowed a recovery. Nothing of that sort is alleged in the petition.

Giving the petition the most favorable interpretation, it will appear that the essence of the complaint is that the particular shoes did not fit the particular feet of the particular customer. The dealer has a right to assume the purchaser would exercise ordinary judgment and that if he found that the shoes caused him discomfort, he would not wear those shoes. If the customer persists in wearing the shoes and allowing the pinching and discomfort, and the injuries resulting therefrom, he has himself to blame and none other.

We agree that the judgment of the common pleas court is correct and the same is therefore affirmed.

Weygandt, J, concurs.

(Vickery, PJ, not participating).