## O'NEILL v DAN COHEN CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4771.  Decided April 15, 1935

Albert Hoffman, Cincinnati, and Leo J. Brumleve, Jr., Cincinnati, for plaintiff in error.

Jos. L. Meyer, Cincinnati, and Benjamin Schwartz, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

We are cited to no case which even remotely suggests the propriety of a recovery under any of the theories presented. nor are we able to find any, and we would be surprised if such existed. Such authorities as there are hold the contrary.

This is not a case where an article of wearing apparel is made to order and constructed especially to fit the purchaser. The shoes were purchased in the ordinary course of trade, and even though the defendant may be considered to have special skill in fitting shoes to customer's feet, it is obvious that no one can tell better than the wearer whether a shoe fits and is comfortable.

It is alleged that upon trying on the shoes after they were altered that they felt comfortable and the plaintiff was satisfied therewith, for he accepted them. Could the merchant have greater knowledge than the customer as to whether the shoes fitted? Certainly a blister could not be worn upon the foot without the wearer becoming aware of a pressure causing such blister. It is a matter of common knowledge that persons are apt to wear shoes that are no larger than absolutely necessary. To hold a dealer responsible for the bad effects of those who insist upon wearing shoes that are too tight would be extending liability on any ground to an undue extent.

Again, it is a matter of common knowledge that the human foot changes greatly under different conditions and that both temperature and use have a direct reaction to comfort.

Sec 8392, GC, is as follows:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

No amount of representations on the part of the dealer would have convinced the plaintiff that the shoes fitted if they did not. He states that they felt comfortable, that is they fitted him. His reliance was not upon the statements of the defendant, but upon his own sense of feeling. At the most, the dealer's statement as to whether the shoes were a good fit could be nothing more than an opinion, because the dealer could not feel whether the shoes were a comfortable fit or not. The nearer the shoes are to a perfect fit the more is the dealer dependent upon the reaction of the customer to their use. A customer has only himself to blame if he accepts shoes that are uncomfortable or too tight.

What has been said applies to both warranty and misrepresentations as well as the cause of action predicated upon negligence.

Upon the last predicate, we find that the Court of Appeals of the Eighth Appellate District has largely expressed our opinion in a similar case, **Dubbs v Zak Brothers Co., 38 Oh Ap, 299, (9 Abs 501).** The syllabi of this case are:

"1. Dealer who sold pair of shoes held not liable for damages resulting from mere fact that shoes did not fit customer's feet.

"2. Dealer may assume customer purchasing shoes will exercise ordinary judgment in determining whether shoes cause him discomfort."

And, on page 302 of the opinion, the court say:

"Giving the petition its most favorable interpretation, it will appear that the essence of the complaint is that the particular shoes did not fit the particular feet of the particular customer. The dealer had a right to assume the purchaser would exercise ordinary judgment, and that, if he found that the shoes caused him discomfort, he would not wear those shoes. If the customer persists in wearing the shoes and allowing the pinching and discomfort, and the injuries result therefrom, he has himself to blame and none other."

The trial court committed no error, prejudicial to the plaintiff in error, in sustaining the demurrer, and the judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.